# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03569-DDD-GPG

RANDY DEAN QUINT,
JOHN LINN, and
MARK MOLINA,
Individually and On Behalf of All Others Similarly Situated,

      Plaintiffs,

          v.

VAIL RESORTS, INC., a Delaware Corporation,

      Defendant.

---

## PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION
## OF THIS COLLECTIVE ACTION

---

**TABLE CONTENTS**

Page

TABLE OF AUTHORITIES...........................................................................ii

I.    INTRODUCTION ...........................................................................1

III.  ARGUMENT ...................................................................................5

      A.    Relevant Standard for Preliminary Certification ...................5

      B.    Plaintiffs' Substantial Allegations
            Support Preliminary Certification.........................................9

      C.    Plaintiffs And Collective Members Are Similarly Situated ..............11

IV.   CONCLUSION ...............................................................................14

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Cagle's, Inc.*,
    488 F.3d 945 (11th Cir. 2007)................................................................7

*Anderson v. Mt. Clemens Pottery Co.*,
    328 U.S. 680 (1946).........................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................7, 9

*Ballaris v. Wacker Siltronic Corp.*,
    370 F.3d 901 (9th Cir. 2004)..............................................................4

*Bayles v. Am. Med. Response of Colo., Inc.*,
    950 F. Supp. 1053 (D. Colo. 1996)....................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................9

*Calderone v. Scott*,
    838 F.3d 1101 (11th Cir. 2016).......................................................11

*Camesi v. Univ. of Pitt. Med. Ctr.*,
    729 F.3d 239 (3d Cir. 2013)..............................................................7

*Campbell v. City of Los Angeles*,
    903 F.3d 1090 (9th Cir. 2018).................................................*passim*

*Davis v. Abington Mem. Hosp.*,
    765 F.3d 236 (3d Cir. 2014)............................................................10

*Deakin v. Magellan Health, Inc.*,
    328 F.R.D. 427 (D.N.M. 2018) .........................................................6

*Felps v. Mewbourne Oil Co., Inc.*,
    460 F. Supp. 3d 1232 (D.N.M. 2020) ...............................................7

*Foster v. Nova Hardbanding, LLC*,
    No. 15-cv-1047, 2016 U.S. Dist. LEXIS 53426 (D. N.M. Apr. 20, 2016) ..........7

*Grayson v. K Mart Corp.*,
    79 F.3d 1086 (11th Cir. 1996) ............................................................................ 12

*Halle v. West Penn Allegheny Heath Sys.*,
    842 F.3d 215 (3d Cir. 2016) .................................................................................. 7

*Hoffmann-La Roche, Inc. v. Sperling*,
    493 U.S. 165 (1989) .............................................................................................. 8

*In re Chipotle Mexican Grill, Inc.*,
    No. 17-1028, 2017 U.S. App. LEXIS 8996
    (10th Cir. Mar. 27, 2017) ...................................................................................... 1

*In re Wells Fargo Home Mortg.*,
    571 F.3d 953 (9th Cir. 2009) ............................................................................... 13

*Kerr v. K. Allred Oilfield Services, LLC*,
    No. 2:20-CV-00477-WJ-SMV, slip op. (D.N.M. Nov. 19, 2020) ..................... 13

*Klimchak v. Cardrona, Inc.*,
    No. 09-cv-04311-SJF-ARL, 2011 U.S. Dist. LEXIS 30652
    (E.D.N.Y. Mar. 24, 2011) ................................................................................... 13

*Landers v. Quality Commc'n, Inc.*,
    771 F.3d 638 (9th Cir. 2015) ........................................................................... 9, 10

*Landry v. Swire Oilfield Services, L.L.C.*,
    252 F. Supp. 3d 1079 (D.N.M. 2017) ................................................................. 13

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
    711 F.3d 106 (2d Cir. 2013) ............................................................................... 10

*Monroe v. FTS USA, LLC*,
    860 F.3d 389 (6th Cir. 2017) ................................................................................ 8

*Mooney v. Aramco Servs. Co.*,
    54 F.3d 1207 (5th Cir. 1995) ............................................................................. 6, 7

*Morgan v. Family Dollar Stores*,
    551 F.3d 1233 (11th Cir. 2008) ............................................................................ 7

*O'Brien v. Ed Donnelly Enters.*,
    575 F.3d 567 (6th Cir. 2009) ................................................................. 8, 11, 12, 13

*Oldershaw v. Davita Healthcare Partners, Inc.*,
   No. 15-cv-01964-MSK-NYW, slip op. (D. Colo. Feb. 4, 2019)......................5, 6

*Pruell v. Caritas Christi*,
   678 F.3d 10 (1st Cir. 2012) ..................................................................10

*Renfro v. Spartan Computer Servs.*,
   243 F.R.D. 431 (D. Kan. 2007) ...........................................................7

*Scott v. Chipotle Mexican Grill, Inc.*,
   954 F.3d 502 (2d Cir. 2020), *pet. for cert. filed* (Aug. 28, 2020) ..............7, 8, 11

*Senne v. Kan. City Royals Baseball Corp.*,
   934 F.3d 918 (9th Cir. 2019)..................................................................2, 3, 13

*Thiessen v. Gen. Elec. Capital Corp.*,
   267 F.3d 1095 (10th Cir. 2001)..................................................*passim*

*Tyson Foods, Inc. v. Bouaphakeo*,
   __U.S.__, 136 S. Ct. 1036 (2016) .......................................................4

*Vaszlavik v. Storage Tech. Corp.*,
   175 F.R.D. 672 (D. Colo. 1997)..................................................2, 6

## STATUTES, RULES AND REGULATIONS

29 U.S.C.
   §201. ..................................................................................................1
   §207..................................................................................................5
   §216(b) ..................................................................................*passim*

Federal  Rules of Civil Procedure
   Rule 8 ................................................................................................9
   Rule 20 ..............................................................................................7
   Rule 20(a)..........................................................................................12
   Rule 20(a)(1)(A)..................................................................................7
   Rule 23 ..................................................................................*passim*
   Rule 23(b)(3) ......................................................................11, 12

29 C.F.R.
   §778.100..............................................................................................5

§778.103 ................................................................................................................5

§778.107 ................................................................................................................5

§778.223 ..........................................................................................................3, 4, 5

§778.315 ................................................................................................................5

§785.9(a) ...............................................................................................................4

§785.11 .................................................................................................................4

§785.12 .............................................................................................................3, 4

§785.13 .................................................................................................................4

§785.27 ............................................................................................................5, 14

§785.29 ............................................................................................................5, 14

§785.41 .................................................................................................................4

§790.6 ...................................................................................................................4

§790.6(b) ..............................................................................................................4

§790.8(a) ..............................................................................................................4

## I.   INTRODUCTION

As set forth in Plaintiffs' Motion for Notice, the better reasoned appellate and district court decisions both within and outside the Tenth Circuit hold that representative plaintiffs asserting claims for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA" or the "Act"), **need not** seek "preliminary" or "conditional" certification prior to disseminating notice of the action to proposed collective members. Indeed, the Tenth Circuit has confirmed that, at the notice stage, there is **no "burden on the plaintiffs to prove similarity** prior to formation of the collective." *In re Chipotle Mexican Grill, Inc.*, No. 17-1028, 2017 U.S. App. LEXIS 8996, at *8 (10th Cir. Mar. 27, 2017) (emphasis added).

However, because certain courts within the Tenth Circuit have required conditional certification prior to notice, Plaintiffs—in an abundance of caution—respectfully request that the Court order preliminary certification of the proposed collective in this action, defined as:

> All current and former Vail Resorts ["Vail"] hourly employees who worked in the United States and who were not compensated for work-related equipment and cell phone costs or "off-the-clock" work including, but not limited to, travel time, donning and doffing time, and training time during the three years preceding the filing of this Complaint through judgment (the "Collective" or the "Hourly Employees").[1]

---

[1] *See* Plaintiffs' Class and Collective Action Complaint for Violations of Federal and State Labor Laws, filed December 3, 2020, ECF No. 1 ("Complaint"), ¶51. All references to "¶__" herein refer to Complaint paragraphs.

In *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001), the Tenth Circuit approved a two-step *ad hoc* approach to authorizing notice wherein a court first "makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen,* 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.,* 175 F.R.D. 672, 678 (D. Colo. 1997)). Notice is appropriate where a named plaintiff has made "'substantial allegations that the putative . . . members were together the victims of a single decision, policy, or plan.'" *Id.*[2] The second step follows conclusion of discovery, when certification can be sought on a fully developed evidentiary record.

Plaintiffs' complaint satisfies *Thiessen*'s "substantial allegations" standard for notice. The Hourly Employees are similarly situated because (a) they were or are subject to the same or similar unlawful practices, policy, or plan; and (b) their claims are based upon the same factual and legal theories. ¶¶29-50. Plaintiffs allege these illegal practices and policies were substantially uniform in all material respects across the Vail locations at issue in this action. *Id.* And "Plaintiffs are similarly situated . . . to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Senne v. Kan. City Royals Baseball Corp.,* 934 F.3d 918, 948 (9th Cir. 2019). As the proposed collective's "'factual or legal similarities are material to the resolution of their case, dissimilarities in other

---

[2] All citations and footnotes are omitted unless otherwise noted.

respects should not defeat collective treatment.'" *Id.* (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1114 (9th Cir. 2018)). Instead, challenges to commonality should be resolved after discovery.[3]

## II.   FACTUAL OVERVIEW

Plaintiffs filed their Complaint on December 3, 2020. To date, twelve additional Collective members have joined this action. ECF Nos. 5-7; 21; 23; 25; 26; 28-34. Vail does not challenge the sufficiency of Plaintiffs' alleged claims for FLSA violations on a nationwide basis. Accordingly, the Complaint establishes a *prima facie* nationwide FLSA collective action.

The Complaint alleges Vail's substantially uniform policies violate the FLSA and Labor Department regulations in at least ***seven*** ways. ¶¶10, 29-50; 53, 79, 106-41, 173-174, 181-182, 188, 219, 246, 478.

***First,*** employees are not paid for work that is integral and indispensable to their principal job functions during travel time to their job site and on Company buses prior to their scheduled shifts (¶¶29-32, 107-109), which constitutes "Compensable Work" under the Act.[4]

---

[3] *See Campbell*, 903 F.3d at 1117 (where "decertification overlaps with the merits of the underlying FLSA claims, the summary judgment standard applies."). The Ninth Circuit's summary judgment standard is consistent with Tenth Circuit's substantive standard in *Thiessen*, 267 F.3d at 1107 (The "district court essentially deprived plaintiffs of their right to have the issues decided by a jury, or to at least have the court determine, ***under summary judgment standards***, whether there was sufficient evidence to send the issue to the jury.")

[4] 29 C.F.R. §778.223; *see also* 29 C.F.R. §785.12 ("The rule is also applicable to work performed away from the premises or the job site, or even at home. If the employer knows or has reason to

*Second*, employees are not paid for "donning" uniforms and equipment that are integral and indispensable to their work (¶¶10, 33, 40 110). 29 C.F.R. § 790.6(b); *see also, e.g., Tyson Foods, Inc. v. Bouaphakeo*, __U.S.__, 136 S. Ct. 1036, 1044-45, 1047 (2016); *Ballaris v. Wacker Siltronic Corp.,* 370 F.3d 901, 912 (9th Cir. 2004). ¶110.

*Third,* employees are paid only for their shift time and not for pre-shift work (¶¶34, 40, 111-12). 29 C.F.R. §790.6(b); 29 C.F.R. §§778.223, 785.9(a), 785.13, 790.6, 790.8(a).

*Fourth,* employees also are not paid for post-shift work (¶¶36, 40, 113). 29 C.F.R. §785.11; 29 C.F.R. §785.13; 29 C.F.R. §790.6(b).

*Fifth,* employees are not compensated for doffing uniforms and equipment. ¶¶37, 40, 114.

*Sixth,* employees are not paid for work performed during travel time from their job site and on Company buses (¶¶38, 115). 29 C.F.R. §§785.11, 785.12, 785.13, 785.41; ¶115.

---

believe that the work is being performed, he must count the time as hours worked."); 29 C.F.R. §785.13 (management "cannot sit back and accept the benefits without compensating for them"); 29 C.F.R. §785.41 ("[W]ork which an employee is required to perform while traveling must, of course, be counted as hours worked"); 29 C.F.R. §790.6 ("Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked"); 29 C.F.R. §790.8(a) (The "statute makes it clear that in order for an activity to be a 'principal' activity, it need not be predominant . . . Congress intended the words 'principal activities' to be construed liberally . . . to include any work of consequence performed for an employer, no matter when the work is performed.").

*Seventh*, the Company fails to pay Snow Sport Instructors for compensable work-related training that occurs on Company property at the Company's direction (¶¶41, 47, 117). 29 C.F.R. §§785.27, 785.29.

As a result of the above-described policies, Vail also violates FLSA provisions and state laws regarding overtime (¶¶142-178). 29 C.F.R. §778.100; 29 C.F.R. §778.107; 29 U.S.C. §207; 29 C.F.R. §778.103; 29 C.F.R. §778.223; 29 C.F.R. § 778.315.

In addition, Vail fails to reimburse Hourly Employees for expenses related to their "tools of the trade," equipment and cell phones, which are required to perform essential job duties, including: (i) new or up-to-date equipment (*e.g.*, skis/snowboards with bindings, boots, gloves, poles, and goggles); (ii) equipment maintenance and replacement costs; (iii) cell phones; and (iv) cell phone voice and data plans. ¶¶48-50; 180-6. Where, as here (¶¶180; 183-4), employees are not reimbursed for work expenses, those employees effectively "kick back" a portion of their wages to the employer in violation of the FLSA. 29 C.F.R. § 531.35.

## III.   ARGUMENT

### A.   Relevant Standard for Preliminary Certification

*Thiessen* is the "seminal" Tenth Circuit case addressing "the mechanisms to be used to implement" 29 U.S.C. §216(b)'s ("Section 216(b)") collective action process. *See Oldershaw v. Davita Healthcare Partners, Inc.,* No. 15-cv-01964-

MSK-NYW, slip op. at 3 (D. Colo. Feb. 4, 2019). In *Thiessen*, the district court "conditionally" certified a collective early in discovery. 267 F.3d at 1101. After discovery closed, the court applied a stricter standard and decertified the collective. *Id.* at 1103. On appeal, the Tenth Circuit reversed, finding the district court "fail[ed] to recognize that plaintiffs were proceeding under a pattern-or-practice theory." *Id.* at 1107.

The overriding question in *Thiessen* was whether collective members were "similarly situated" for Section 216(b) purposes. "Unfortunately, Section 216(b) does not define the term 'similarly situated,' and there is little circuit law on the subject." *Id*. To fill the void, district courts have considered at least three approaches to determining whether plaintiffs are '"similarly situated."' *Id*. at 1102 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995); *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1058, 1066 (D. Colo. 1996)). The Tenth Circuit adopted the first approach, wherein a court makes a preliminary (*i.e.*, "notice stage") determination, requiring '"nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."' *Thiessen* 267 F.3d at 1102 (internal quotations omitted). Then, after discovery concludes, the court makes a second, stricter inquiry. *Id*. at 1102-03.[5]

---

[5] "This two-step process for defining the scope of the collective action has become a common, well-used mechanism in [the Tenth] circuit." *Oldershaw,* No. 15-cv-01964-MSK-NYW, slip op.

At the initial certification stage, '"nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan'" is required. *Id*. at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678) (internal quotations omitted). If putative collective members are "employees with similar positions, allegations that the defendants engaged in a pattern or practice of not paying overtime [are] sufficient" to establish their "similarly situated" status under Section 216(b).[6]

The Ninth Circuit also has held this initial review is "lenient" – *i.e.*, "loosely akin to a plausibility standard, commensurate with the stage of the proceedings."[7] The "FLSA not only imposes a lower bar than Rule 23, it imposes a bar lower . . . even than Rules 20 and 42, which set forth the relatively loose requirements for permissive joinder and consolidation at trial." *Campbell,* 903 F.3d at 1112 (*accord*

---

at 3 (D. Colo. Feb. 4, 2019) (citing *Deakin v. Magellan Health, Inc.,* 328 F.R.D. 427 (D.N.M. 2018) (collecting cases)).

[6] *Foster v. Nova Hardbanding, LLC,* No. 15-cv-1047, 2016 U.S. Dist. LEXIS 53426, at *7 (D. N.M. Apr. 20, 2016); *see also Renfro v. Spartan Computer Servs.*, 243 F.R.D. 431, 433-34 (D. Kan. 2007) ("In general, if putative class members are employees with similar positions, allegations that defendants 'engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan'"); *Felps v. Mewbourne Oil Co., Inc.*, 460 F. Supp. 3d 1232, 1237 (D. N.M. 2020) ("Because Plaintiff has undisputedly met his (only) burden of substantially alleging that he and the other proposed class members are similarly situated, conditional certification at this initial notice stage is appropriate.").

[7] *Campbell,* 903 F.3d at 1109 (citing *Camesi v. Univ. of Pitt. Med. Ctr.,* 729 F.3d 239, 243 (3d Cir. 2013); *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007); *Halle v. West Penn Allegheny Heath Sys.*, 842 F.3d 215, 224 (3d Cir. 2016); *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 n.38 (11th Cir. 2008); *Thiessen,* 267 F.3d at 1105; *Mooney,* 54 F.3d at 1214; *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

*Scott,* 954 F.3d at 520). The bar is lower because while Rules 20 and 42 give district courts discretion to grant joinder or consolidation, the "FLSA, which declares a right to proceed collectively on satisfaction of certain conditions, does not." *Campbell,* 903 F.3d at 1112. Moreover, "Rule 20 requires, in addition to a common question of law or fact, that the plaintiffs assert a right to relief arising from 'the same transaction[] [or] occurrence,' Fed. R. Civ. P. 20(a)(1)(A), a condition with no parallel in the FLSA." *Id.* at 1112 (*accord Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 520 (2d Cir. 2020), *pet. for cert. filed* (Aug. 28, 2020).

The low preliminary certification threshold is also justified because "unlike Rule 23, the collective action mechanism is, in effect, tailored specifically to vindicating federal labor rights." *Id.* at 1112-13. In other words, since the "FLSA is a remedial statute with broad worker-protective aims" and the "collective action mechanism is a means of serving these aims," the FLSA must be interpreted to provide for the effective enforcement of the right to minimum wages and overtime compensation. *Id.* at 1113 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989)); *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *Monroe v. FTS USA, LLC*, 860 F.3d 389, 396-97, 402-03, 405-06 (6th Cir. 2017); *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 586 (6th Cir. 2009). "Rule 23, by contrast, is neither a creation of statute nor a provision of specific applicability to certain substantive rights or remedial schemes." *Campbell,* 903 F.3d at 1113.

At bottom, the "natural answer" to what "'similarly situated' means—is, in light of the collective action's reason for being within the FLSA, that party plaintiffs must be alike with regard to some *material* aspect of their litigation. That is, the FLSA requires similarity of the kind that 'allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources.'" *Id.* at 1114 (quoting *Hoffmann-La Roche,* 493 U.S. at 170) (*accord Scott*, 954 F.3d at 516 ("similarly situated standard is consistent with that endorsed by our sister circuits")). Here, the Plaintiffs have easily met this standard.

### B. Plaintiffs' Substantial Allegations Support Preliminary Certification

The Complaint alleges that Vail's substantially uniform nationwide improper policies and practices harmed Collective members. Vail seeks dismissal *solely* based on a misguided challenge to the named Plaintiffs' "standing" to assert non-Colorado state law claims. Consequently, Vail concedes the Complaint meets all pleading standards to maintain a nationwide FLSA action and, thus, constitutes "substantial allegations" that Vail violated the FLSA.

Applying *Twombly* and *Iqbal* to FLSA claims, the Ninth Circuit explained courts must determine whether the complaint "plausibly state[s] a claim" that an employer "failed to pay minimum wages and overtime wages, keeping in mind that detailed facts are not required." *Landers v. Quality Commc'n, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Particularly pertinent here, "[n]o circuit court has interpreted Rule 8 as requiring FLSA plaintiffs to plead in detail the number of hours worked, their wages, or the amount of overtime owed to state a claim for unpaid minimum wages or overtime wages." *Landers,* 771 F.3d at 641-42.

Plaintiffs' Complaint easily satisfies *Twombly* and *Iqbal*. The Complaint alleges that the named Plaintiffs and proposed Collective members were likewise victims of Vail's uniform policies. ¶¶29-50, 106-139. A plaintiff asserting a FLSA overtime violation must, at a minimum, "allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers*, 771 F.3d at 645 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)); *see also Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 242-43 (3d Cir. 2014). As Plaintiffs have done here, a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers,* 771 F.3d at 645 (citing *Pruell,* 678 F.3d at 14).

Plaintiffs have pled "in detail the number of hours worked, their wages, or the amount of overtime owed." ¶¶2-3, 5-6. Specifically, the Complaint details the number of hours paid for each week, the pay per hour, the total base pay, the actual

number of hours worked, the number of unpaid hours, and the dollar amount of the

unpaid wages and provides totals for each of these categories for all the time worked

after December 2, 2017. ¶¶2, 5. These detailed averments are more than sufficient

to constitute "substantial allegations."

### C.     Plaintiffs And Collective Members Are Similarly Situated

Nearly every circuit to consider the relationship between Section 216(b) and

the modern Rule 23 has concluded the FLSA's "similarly situated" requirement is

less onerous than Rule 23's similar requirement. *Scott,* 954 F.3d at 518-19 (citing

*Campbell*, 903 F.3d at 1111 (holding that Section 216(b)/Rule 23 analogies "lack[]

support in either the FLSA or the Federal Rules of Civil Procedure")); *Calderone v.

Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (Rule 23 is "more demanding" than

Section 216(b)); *O'Brien*, 575 F.3d at 584-85 (Rule 23 is "more stringent").

"Congress clearly chose not to have the Rule 23 standards apply to [collective

actions], and instead adopted the 'similarly situated' standard. To now interpret this

'similarly situated' standard by simply incorporating the requirements of Rule 23

. . . would effectively ignore Congress' directive." *Thiessen*, 267 F.3d at 1105.

The Second Circuit opined that this "conclusion is supported by the language

and structure of §216(b) and the modern Rule 23, which bear little resemblance to

each other." *Scott*, 954 F.3d at 519. "Section 216(b) has nothing comparable to Rule

23(b)(3)'s requirements of predominance or superiority. And Rule 23's requirements

of adequacy and typicality are intended to protect the due process rights of absent class members, which is not a consideration in a nonrepresentative action such as a collective action under §216(b)." *Id*. For these reasons, the Second Circuit held Section 216(b)'s "similarly situated" requirement is less stringent and "unrelated to" Rule 23. *Id*. at 520.

The Sixth Circuit is in accord, finding "[u]nder the FLSA, opt-in plaintiffs only need to be 'similarly situated'", noting Congress declined to import the "more stringent" Rule 23 certification criteria. *O'Brien*, 575 F.3d at 584 (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (Section 216(b)'s "similarly situated" requirement is less stringent than Rule 20(a) or Rule 23(b)(3)). Therefore, the Sixth Circuit held that the "district court implicitly and improperly applied a Rule 23-type analysis when it reasoned that the plaintiffs were not similarly situated because individualized questions predominated. This is a more stringent standard than is statutorily required." *O'Brien*, 575 F.3d at 584-85. The court held plaintiffs were similarly situated under Section 216(b) "because their claims were unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id*. at 585. The same rationale applies equally here, where Plaintiffs allege a unified theory of Vail's wage and hour violations and resultant harm to Collective members.

This hybrid class/collective action would be certified under the minority test, the majority *ad hoc* test and the Ninth Circuit's *Campbell* test. The reason is simple. Hourly Employees are not paid for all hours worked pursuant to a companywide policy and a common theory of Vail's statutory violations; *i.e.*, Vail knowingly permits Plaintiffs to perform compensable work before and after their scheduled shifts. *Senne*, 934 F.3d at 949. The Courts of Appeal have "long held, such uniform corporate policies 'carry great weight for certification purposes.'" [8]

There are companywide policies in place at all Vail properties that dictate that Hourly Employees do not get paid for travel time on employee shuttles, donning and doffing time, and pre-shift and post-shift work such as meetings, filling out paperwork, and communicating with guests, supervisors and other employees. ¶¶10; 31-50; 53; 79; 138; 139; 219; 246; 478. Companywide policy dictates that Snow Sport Instructors are paid only for their on-snow teaching time or scheduled "shift"

---

[8] *Id*. at 943 (quoting *In re Wells Fargo Home Mortg.*, 571 F.3d 953, 958 (9th Cir. 2009); *see also Campbell*, 903 F.3d at 1116 ("The Officers' position was that there was a tacit, Department-wide policy discouraging the reporting of earned overtime. If that allegation were adequately supported by the record, the 'similarly situated' requirement would have been met"); *Klimchak v. Cardrona, Inc.*, No. 09-cv-04311-SJF-ARL, 2011 U.S. Dist. LEXIS 30652, at *18 (E.D.N.Y. Mar. 24, 2011) ("[I]f defendants had a policy or practice of not paying overtime compensation to any of its laborers, whether full-time or part-time, union member or non-union member, all of those employees would be similarly situated for purposes of this analysis."); *O'Brien*, 575 F.3d at 585 (same); *Landry v. Swire Oilfield Services, L.L.C.*, 252 F. Supp. 3d 1079, 1114-15 (D.N.M. 2017) ("A plaintiff 'need only describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'"); *Kerr v. K. Allred Oilfield Services, LLC*, No. 2:20-CV-00477-WJ-SMV, slip op. at 5 (D. N. M. Nov. 19, 2020) (The Complaint and "supporting declaration meet the requirements for the first stage of collective action certification because they contain substantial allegations that Plaintiff, and individuals who share similar job duties, were subject to the same illegal wage policy").

time, 6.5 to 7.25 hours, which is only a portion of the total worktime performed. ¶35. Companywide policy dictates that ticket scanners and lift operators are paid only for the time between "clocking-in" and "clocking-out," which excludes transportation time, donning and doffing time, and pre- and post-shift meetings. ¶¶ 10, 219, 246, 478. Companywide policy requires Snow Sport Instructors, ticket scanners and lift operators to have new or up-to-date equipment in excellent condition, including skis or snowboards with bindings, boots, gloves, poles, goggles and base layers. ¶181. Vail does not reimburse Plaintiffs and Collective members for their "tools of the trade." ¶182. Finally, Vail does not pay Snow Sport Instructors for work-related training that is integral and indispensable to the job (¶188) and, thus, compensable under the FLSA. 29 C.F.R. §§ 785.27, 785.29.

These specific allegations, and the Complaint viewed holistically, establish that Plaintiffs and other Collective members are "similarly situated." Under *Thiessen*, the proposed Collective should be preliminarily certified for purposes of disseminating notice and permitting Collective members to opt-in, consistent with the FLSA's remedial purposes.

## IV.    CONCLUSION

For all of the reasons discussed above, Plaintiffs respectfully request the Court grant preliminary certification of the proposed Collective.

DATED: April 21, 2021

Respectfully Submitted,

**EDWARD P. DIETRICH, APC**


*/s/ Edward P. Dietrich*                        

Edward P. Dietrich
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
Telephone:  310.300.8450
Facsimile:   310.300.8401
edward@dstlegal.com

**OMNUM LAW APC**


*/s/Benjamin Galdston*                        

Benjamin Galdston
9333 Genesee Ave., Suite 110
San Diego, CA 92121
Telephone: 858.539.9767
bgaldston@omnumlaw.com


*Attorneys for Plaintiffs and the*
*Proposed Collective and Classes*

## <u>CERTIFICATION OF COMPLIANCE</u>

Plaintiffs certify their compliance with this Court's Civil Practice Standards, Section III.A. Length Limitations, which limit a party's brief to 4,000 words. The foregoing **PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION OF THIS COLLECTIVE ACTION** totals 3,673 words, excluding the Table of Contents and Table of Authorities.

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR PRELMINARY CERTIFICATION OF THIS COLLECTIVE ACTION** with the Clerk of Court using the CM/ECF system, which will send electronic notice of such filing to counsel for Defendant Vail Resorts, Inc., as follows:

| | | |
|---|---|---|
| Jonathan O. Harris<br>OGLETREE, DEAKINS,<br>NASH, SMOAK &<br>STEWART, P.C.<br>SunTrust Plaza<br>401 Commerce Street,<br>Suite 1200<br>Nashville, TN 37219-2446<br>jon.harris@ogletree.com | Michelle B. Muhleisen<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>2000 South Colorado Boulevard<br>Tower Three, Suite 900<br>Denver, CO 80222<br>michelle.muhleisen@ogletree.com | Steven R. Reid<br>OGLETREE, DEAKINS,<br>NASH, SMOAK &<br>STEWART, P.C.<br>2000 South Colorado<br>Boulevard<br>Tower Three, Suite 900<br>Denver, CO 80222<br>Steven.reid@ogletree.com |

*/s/Edward P. Dietrich*
Edward P. Dietrich