IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-03569-DDD-GPG

RANDY DEAN QUINT, JOHN LINN, and
MARK MOLINA, Individually and On Behalf
Of All Others Similarly Situated,

    Plaintiffs,

v.

VAIL RESORTS, INC., a Delaware corporation,

    Defendant.

### DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO ORDER DENYING MOTION FOR CONDITIONAL CERTIFICATION

Defendant Vail Resorts, Inc. ("Vail Resorts") respectfully submits its response to Plaintiffs' Objection to Order Denying Motion for Conditional Certification (the "Objection," ECF No. 118), as follows:

## I. INTRODUCTION

Plaintiffs' Objection to Magistrate Judge Gallagher's Report and Recommendation (the "Recommendation," ECF No. 114) denying without prejudice Plaintiffs' Motion for Preliminary Certification of the Collective Action (the "Certification Motion," ECF No. 48) and striking without prejudice 18 opt-in notices filed by putative FLSA collective members has no basis.[1]

---

[1] Of note, the Recommendation also recommended the denial of Plaintiffs' Motion to Disseminate Notice to Collective Members and Toll the Statute of Limitations (the "Motion to Disseminate Notice", ECF No. 47). Plaintiffs do not object to this aspect of the Recommendation, and therefore are barred from review of the Recommendation with respect to the Motion to Disseminate Notice. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).

Plaintiffs agree the Recommendation is subject to review under the clearly erroneous standard, yet there has been no showing that the Recommendation is clearly erroneous and contrary to law. Magistrate Judge Gallagher properly recognized that the Certification Motion was hopelessly flawed due to its excessive overreach, seeking as it did to certify a nationwide class of some 36,000 employees, working dozens of different jobs at over 30 Vail Resorts properties, based on nothing more than (1) conclusory allegations that this massive group of employees was similarly impacted by a single Vail Resorts decision, policy, or plan, and (2) a small collection of boilerplate opt-in notices bereft of practically any information regarding each potential collective member's allegations.

Strangely, Plaintiffs devote the bulk of their Objection to the argument that the Recommendation is clearly erroneous because it is "premised on a finding that Plaintiffs' counsel impermissibly communicated with collective members without prior Court approval." (Recommendation, pp. 2-14.) The Court should disregard this entire portion of the Objection; there is nothing in the Recommendation that suggests Magistrate Judge Gallagher denied the Certification Motion or struck the opt-in notices because Plaintiffs' counsel "impermissibly communicated" with such individuals.

Indeed, the only portions of the Objection the Court need consider are Plaintiffs' arguments that the denial of the Certification Motion and striking of the opt-in notices were contrary to law because (1) the mere number of opt-in notices justifies certification, and (2) Magistrate Judge Gallagher allegedly failed to consider the opt-in notices as evidence in his determination. Neither argument finds any support in the law, and they further evince Plaintiffs' fundamental

2

misunderstanding of the Recommendation. Accordingly, the Court should deny the Objection and adopt the Recommendation as an Order of the Court.

## II. LEGAL ARGUMENT

**A. The Recommendation Is Non-Dispositive and Subject to a Clearly Erroneous Standard.**

It is well established, and Plaintiffs apparently concede, that review of a magistrate judge's recommendation denying collective certification is non-dispositive. *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 2d 343, 350 (E.D.N.Y. 2015). Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review, but applies a more deferential standing which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. *Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge's order unless the entire record evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *1 (D. Colo. Mar. 15, 2021) ("When applying the clearly erroneous standard, the Court is not entitled to reverse the magistrate judge's findings simply because it is convinced that it would have decided the case differently, and the Court may not decide factual issues *de novo*.") (citations omitted).

B.  **The Recommendation's Denial of Conditional Certification and Striking of Opt-In Notices Were Not Clearly Erroneous or Contrary to Law.**

Buried in the Objection are only two arguments that could charitably be characterized as germane objections to the Recommendation's denial of conditional certification and striking the opt-ins: that (1) Magistrate Judge Gallagher's supposed "failure to consider the Consents as evidence supporting conditional certification was clearly erroneous," and (2) the number of opt-in consents alone should justify conditional certification. Objection, pp. 14-15. Both fail.

Plaintiffs' first argument simply mischaracterizes the Recommendation. Magistrate Judge Gallagher did not rule that he would not consider the consents as evidence supporting conditional certification. In fact, the converse is true—he struck the consents *because* he denied conditional certification: "[*b]ecause this Court recommends denying the motion for conditional certification*, it also recommends striking without prejudice the eighteen notices to opt-in *as the Court cannot discern whether these parties are similarly situated*." Recommendation, p. 8 (emphasis added). Courts routinely dismiss opt-in plaintiffs without prejudice when a motion to certify a collective is denied. *Clay v. Huntington Ingalls, Inc.*, Civ. A. No. 09-7265, 2012 WL 860375, at *3 (E.D. La. Mar. 13, 2012) (dismissing opt-ins after denying certification,); *Odem v. Centex Homes*, Civ. A. No. 3:08-CV-1196 L, 2010 WL 424216, at *2 (N.D. Tex. Feb. 4, 2010) (denying motion for conditional certification of an FLSA collective action and dismissing opt-in plaintiffs without prejudice); *see also Quijano v. Tuffy Assocs. Corp.*, Civ. A. No. 2:13-cv-573-FtM-38CM, 2014 WL 4182691, at *1 (M.D. Fla. Aug. 21, 2014) (where plaintiff failed to move for conditional certification, the court granted defendant's motion to dismiss opt-in plaintiff without prejudice and struck collective action allegations from plaintiffs' complaint). There is

4

nothing contrary to law about Magistrate Judge Gallagher's actions in striking the consents here, and Plaintiffs can point to no authority to the contrary.

Further, there is no indication that Magistrate Judge Gallagher "failed to consider the consents as evidence." In fact the Recommendation demonstrates the opposite: Magistrate Judge Gallagher clearly examined the consents and made the determination that their silence regarding "(1) where the opt-in party is or was employed, (2) any dates regarding employment, (3) the type of position held…, and (4) whether the person's employment was part-time or full-time," as well as their boilerplate nature did not suffice to carry Plaintiffs' burden at the conditional certification stage, when considered with their other allegations. Recommendation, pp. 3-4. Thus, Plaintiffs' first argument that Magistrate Judge Gallagher's recommendation to deny the Certification Motion was erroneous is unavailing.

Plaintiffs' second argument seems to suggest that Magistrate Judge Gallagher's refusal to grant conditional certification is contrary to law simply because 18 opt-in consents were filed. This argument finds zero support in any precedent. None of the cases Plaintiffs cite stand for the proposition that some numerical threshold exists for opt-ins beyond which conditional certification should be automatic. Rather the threshold is as stated in one of the cases Plaintiffs point to: Plaintiffs must "adequately show[] that other ***similarly situated*** workers desire to opt-in." *Snively v. Peak Pressure Control*, 174 F. Supp. 3d 953, 961 (W.D. Tex. 2016) (emphasis added). And, as detailed in the Recommendation, the opt-ins contain absolutely no evidence as to how they are similarly situated. Indeed, Plaintiffs' failure to demonstrate the existence of a potential collective of similarly situated employees—not their failure to locate interested potential plaintiffs—was fatal to their Certification Motion. Recommendation, p. 12. Furthermore, Plaintiffs have not

5

objected to Magistrate Judge Gallagher's determination in the Recommendation that they have failed to show a substantial similarity in the record among the potential collective members. Recommendation, pp. 11-12. Therefore, the Court should reject Plaintiffs' second argument as well.

C. **The Objection's Exhaustive Insistence that Plaintiffs' Counsel Be Permitted to Communicate with Potential Collective Members Is Irrelevant.**

Plaintiffs spend 90% of their briefing in the Objection on the argument that Magistrate Judge Gallagher's Recommendation to strike the 18 opt-in consents was clearly erroneous because it was "premised on a finding that Plaintiffs' counsel impermissibly communicated with collective members without prior Court approval." Plaintiffs are either misreading or mischaracterizing the Recommendation. Nowhere in the Recommendation did Magistrate Judge Gallagher rule that he was striking the opt-ins because of Plaintiffs' counsel's communications with them.

Unlike the cases Plaintiffs cite, Magistrate Judge Gallagher has not issued a "ban on … communications concerning the class action between parties or their counsel and any actual or potential class member who was not a formal party, without the prior approval of the court," or even an "order limiting communications between parties and potential class members." *See* Objection, pp. 3-5 (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 91 (1981) and numerous additional cases). Nor has Vail Resorts sought such relief, whether in its Response to the Certification Motion or otherwise.

It should be noted that, as referenced in numerous other filings in this lawsuit, there is currently a class and collective settlement preliminarily approved in California state court that overlaps with the potential collective Plaintiffs proposed. The Court has not issued a ruling permitting communications with non-client class and collective members they do not already

6

represent, which the California Rules of Professional Conduct expressly prohibits, especially in an attempt to convince such persons to object to or opt out of the settlement. *Hernandez v. Vitamin Shoppe*, 174 CA 4th 1441 (2009).

Counsel for the plaintiffs in the California actions warned Plaintiffs' counsel of this rule in writing on March 7, and the very next action Plaintiffs' counsel took ***mere hours*** after this warning was to file the Objection. If Plaintiffs are attempting to use the Objection to secure a ruling from this Court judicially sanctioning their attempts to convince potential collective members to opt out of the California settlement, such an effort would be just the latest example of what Magistrate Judge Gallagher has aptly termed their "continued overreach" in this litigation. This important nuance is another reason why the Court should ignore the entirety of Section II (B) of the Objection instead of wading into an irrelevant examination of what pre-certification communications were proper or may be proper going forward. Simply put, the issue of Plaintiffs' pre-certification communications with potential collective members was not the basis of the Recommendation and is not before this Court, so the Court should decline any invitation to rule on the propriety of such communications.

### III.   CONCLUSION

For the reasons discussed above, and in Vail Resorts' Responses to the Certification Motion and Motion to Disseminate Notice (ECF Nos. 57 and 58), Vail Resorts respectfully requests this Court overrule the Objection and adopt the Recommendation as an order of the Court.

Respectfully submitted this 21ˢᵗ day of March, 2022.

>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
>*s/ Michael H. Bell*
>Michael H. Bell
>Steven R. Reid
>2000 South Colorado Boulevard
>Tower Three, Suite 900
>Denver, CO  80222
>Telephone:  303.764.6800
>Facsimile:   303.831.9246
>mike.bell@ogletree.com
>steve.reid@ogletree.com
>
>*Attorneys for Defendant Vail Resorts, Inc.*

**CERTIFICATE OF COMPLIANCE WITH PRACTICE STANDARDS**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

>*s/ Michael H. Bell*
>Michael H. Bell

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2022, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO ORDER DENYING MOTION FOR CONDITIONAL CERTIFICATION** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to counsel for Plaintiffs, as follows:

| | |
|---|---|
| Edward P. Dietrich | Benjamin Galdston |
| Edward Dietrich, APC | Omnum Law APC |
| 9595 Wilshire Boulevard, Suite 900 | 9333 Genesee Avenue, Suite 110 |
| Beverly Hills, CA 90212 | San Diego, CA 92121 |
| edward@dstlegal.com | bgaldston@omnumlaw.com |

*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　*s/ Alison L. Shaw*
　　　　　　　　　　　　　　　　　　　　Alison L. Shaw, Paralegal

9