**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-03569-DDD-GPG

RANDY DEAN QUINT, JOHN LINN, and
MARK MOLINA, Individually and On Behalf
Of All Others Similarly Situated,

      Plaintiffs,

v.

VAIL RESORTS, INC., a Delaware corporation,

      Defendant.

---

**DEFENDANT'S PARTIAL OBJECTIONS TO REPORT AND
RECOMMENDATION ON PLAINTIFFS' MOTION TO DISSEMINATE
NOTICE TO COLLECTIVE MEMBERS**

---

Defendant Vail Resorts, Inc. ("Vail") objects in part to the Report and Recommendation (the "R&R," ECF 183) regarding Plaintiffs' Motion to Disseminate Notice to Collective Members and Toll the Statute of Limitations (the "Motion to Disseminate Notice," ECF 150). Specifically, Vail objects to the recommendation to distribute *Hoffman-LaRoche* notices to all Snow Sports Instructors ("Instructors") at Vail's 37 resorts nationwide.[1] The Court should not adopt this recommendation because the R&R makes clearly erroneous factual findings, reaches legal conclusions contrary to law, and overlooks the impact of a parallel settlement affecting the vast majority of Instructors.

---

[1] Although Plaintiffs also sought in their Motion for Class Certification (the "Certification Motion") the conditional certification of their FLSA claims, the R&R did not make a recommendation on this request, instead limiting the recommendation to Plaintiffs' request in the Motion to Disseminate Notice to distribute *Hoffman-LaRoche* notices. Therefore, Vail objects to the R&R as to the Motion to Disseminate only, but maintains its arguments in its Response to the Certification Motion (ECF 160) regarding the impropriety of FLSA conditional certification.

The finding that Vail offered no evidence to dispute any of Plaintiffs' allegations is clearly erroneous. Vail offered ***ample*** evidence squarely refuting Plaintiffs' allegations. While the record is voluminous, even a cursory review demonstrates for every "common" policy Plaintiffs allege, Vail provided Instructor declarations denying the existence of such a policy. In fact, despite an obvious dearth of evidence on Plaintiffs' part, the overwhelming majority of evidence directly refutes the existence of "undisputed" and "common" unlawful policies. It was clear error to overlook this crucial evidence.

Likewise, the conclusion that Plaintiffs established they are similarly situated to the putative collective of all Instructors nationwide is contrary to the legal framework for dissemination of notice. Plaintiffs fail to offer ***any*** substantial allegations or evidence of ***a single*** nationwide unlawful policy affecting all Instructors. Indeed, Plaintiffs' evidence is fundamentally defective. *First*, Plaintiffs' evidence overwhelmingly comes from a single resort in a single state (Beaver Creek in Colorado). In contrast, Vail provided directly contradictory testimony from a much broader array of employees across ten resorts in five states. Thus, the R&R is incorrect in concluding Plaintiffs provided legitimate and unrefuted evidence of common nationwide policies. *Second*, Plaintiffs' evidence consists entirely of anecdotal testimony from interested witnesses about their experiences, speculating that all employees shared such experiences. The R&R erroneously deems this personalized and disputed testimony (limited to a handful of resorts) to constitute substantial allegations of common unlawful policies.

Given conflicting testimony about any unlawful nationwide policies, Plaintiffs have failed to satisfy their burden to show all Instructors were victims of a common unlawful scheme. This Court denied Plaintiffs' original conditional certification motion because Plaintiffs' "claims … do not apply to all 36,000 seasonal employees across 33 resorts because there is a range of

different responsibilities, different supervisors, and resort-specific policies or procedures." (ECF 141 at 4-5.) This remains true with respect to *any* subclass of Instructors, let alone a subclass across *all* 37 resorts, as demonstrated by Vail's evidence showing vastly differing Instructor experiences among resorts.

Furthermore, the R&R improperly disregards the monumental impact of the parallel court-approved settlement in the case of *Hamilton, et al. v. The Vail Corporation, et al.*, No. SC20210148 (Sup. Ct. El Dorado Cnty., Cal.). While acknowledging the *Hamilton* settlement will have a dispositive impact on this case, and that confusion will result if notice is disseminated here after settlement notices have been distributed in *Hamilton*, the R&R concludes this is "a matter for another day." Respectfully, *today* is that day. A fundamental goal of notice is the avoidance of confusing communications. Plaintiffs' interest in racing to have their claims resolved while they attempt to hinder the *Hamilton* settlement through unmeritorious appeals does not outweigh those public policy concerns.

Therefore, Vail respectfully requests the Court (1) reject the recommendation set forth in the R&R to disseminate *Hoffman-LaRoche* notices to all of Vail's Instructors nationwide and (2) deny Plaintiffs' Certification Motion and Motion to Disseminate Notice.

**RELEVANT PROCEDURAL HISTORY**

On February 21, 2022, the Magistrate Judge recommended denying Plaintiffs' first motions to conditionally certify an FLSA collective and disseminate notice (ECF 47-48) to all hourly Vail employees. (ECF 114 at 11.) On June 23, the Court adopted this recommendation, finding the "conclusion that ***Plaintiffs did not establish a single decision, policy, or plan across all United States resorts is not clearly erroneous or contrary to law*.*"  (ECF 141 at 5) (emphasis added).

On July 8, the Court directed Plaintiffs to file motions to certify a Rule 23 class and to disseminate notice within thirty days. (ECF 144.) The Court did ***not*** direct Plaintiffs to re-file a motion for FLSA conditional certification. Nevertheless, on August 8, Plaintiffs filed the instant Certification Motion and Motion to Disseminate Notice, which sought not only the certification of a Rule 23 class, but also a second bite at FLSA conditional certification. (ECF 149, 150.)

In support of these motions, and out of a potential collective of over 100,000 employees, Plaintiffs proffered declarations from only ***14*** Colorado Instructors (12 from Beaver Creek and two from Breckenridge, ***one*** from Utah (Park City), and ***one*** from California (Heavenly)). All of these declarants have a pecuniary interest in this lawsuit as either Plaintiffs or former opt-ins.

On August 19, the *Hamilton* court issued final approval of a global wage and hour settlement covering more than 100,000 Vail non-exempt employees. (ECF 158, Ex. A.) The *Hamilton* settlement guts the overwhelming majority of Plaintiffs' claims, including those relating to Instructors. Notice of the *Hamilton* settlement was disseminated to virtually all putative members of the collective here.

On August 29, Vail filed its Objections to and Motion to Strike the declarations Plaintiffs offered in support of the Certification Motion and Motion to Disseminate Notice, as well as its Responses to the Certification Motion and Motion to Disseminate Notice. (ECF 159, 160, 161.) Vail supported its brief with the testimony of ***62*** Vail employees from around the country, including ***18*** Instructors. (ECF 160-2.) Unlike Plaintiffs' declarants, those 18 Instructors came from a wide cross-section of locations, with three declarations from California (Heavenly), eight from Colorado (Beaver Creek, Vail, Breckenridge, and Keystone), three from Minnesota (Afton Alps), two from Pennsylvania (Jack Frost and Big Boulder), one from New Hampshire (Sunapee), and one from Michigan (Brighton).

4

**STANDARD OF REVIEW**

A magistrate judge's proposed findings of fact and recommendations "to dismiss or to permit maintenance of a class action," are reviewed by the district judge *de novo*. 28 U.S.C. 636(b)(1)(A)-(C). Because the R&R recommends the dissemination of notice to a putative FLSA class, a *de novo* standard of review should apply. *Ortez v. United Parcel Service, Inc.*, No. 17-cv-01202, 2018 WL 4328170, at *2 (D. Colo. Sept. 11, 2018) (reviewing scope of group magistrate judge found appropriate to receive *Hoffman-LaRoche* notices *de novo*).

Further, even if the Court were to review the R&R under the "clearly erroneous or contrary to law" standard under Fed R. Civ. P. 72(a), the R&R still would not pass muster. The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *See Genova v. Banner Health*, No. 11-CV-01139-RBJ-MJW, 2012 WL 2340122, at *2 (D. Colo. June 7, 2012). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Hildebrand v. Comm'r*, 28 F.3d 1024, 1026 (10th Cir. 1994) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

## ARGUMENT AND AUTHORITIES

**I.   THE DISTRICT COURT SHOULD REJECT THE RECOMMENDATION THAT NOTICES ISSUE TO ALL INSTRUCTORS NATIONWIDE.**

### A.  Legal Standards for *Hoffman-LaRoche* Notices.

For notice to issue, Plaintiffs must establish they are "similarly situated" to the putative collective through "substantial allegations that the putative members were together the victims of a single [unlawful] decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). To be "substantial," allegations must be grounded in actual fact. *Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at \*6 (E.D. Wisc. Sept. 11, 2008). Evidence "based on hearsay or speculation" is insufficient to justify the issuance of notice. *Beall v. SST Energy Corp.*, No. 15-cv-01741, 2016 WL 286295, at \*1 (D. Colo. Jan. 25, 2016).

"The requirement that proposed class members be 'similarly situated' to the named plaintiffs ensures…'the efficient resolution of common issues of law and fact arising from the same alleged [unlawful] activity.'" *Hunter v. Spring Corp.*, 346 F. Supp. 2d 113, 119 (D.D.C. 2004) (quoting *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). Plaintiffs must establish "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Barron v. Henry Cnty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003).

Thus, for this Court to authorize notice, it must find Plaintiffs Quint and Linn,[2] who worked at one Vail resort in one state, have met their burden of establishing they are substantially similar to thousands of Instructors, working in 37 resorts, in 13 states, under thousands of different supervisors. More specifically, Plaintiffs must establish all Instructors suffered from a

---

[2] Plaintiff Molina has not worked as an Instructor, and the R&R rejected the dissemination of notice to employees in his role of Ticket Scanner. (ECF 183, p. 21-22.)

nationwide FLSA-violating policy, such that proof of that policy or conduct in conformity therewith proves a violation as to all. *See Simpson v. CareSouth HHA Holdings, LLC,* No. 3:16-cv-79, 2016 WL 3349637 (M.D. Tenn. June 16, 2016).

Here, the R&R fails to identify any basis to conclude Plaintiffs have satisfied these standards and erroneously recommends notice should issue to all Instructors. The R&R rests on the conclusion that Vail "violated the FLSA rights of [Instructors] nationwide" by not compensating Instructors for (i) "'travel time' spent riding Vail-provided shuttles from remote employee parking lots to the base area where employees clock in for work"; (ii) "time spent donning and doffing necessary work equipment and uniforms"; and (iii) "time spent taking training and certification courses required or encouraged by Vail." (R&R, p. 7.)  Notably, the R&R did *not* conclude there is direct evidence of any common policies regarding these three primary allegations. Rather, it assumes anecdotal evidence from Plaintiffs' 16 witnesses can be extrapolated to thousands of employees across the country because "[n]othing in the record disputes" such allegations. (*Id*. p. 17.)  But this is incorrect; Vail submitted ***extensive*** evidence ***directly refuting*** the existence of ***all three*** allegedly common policies.

An earnest consideration of Vail's evidence relating to Instructors disproves the conclusion that Plaintiffs established "a single, nationwide FLSA-violating policy."  Meanwhile, Plaintiffs have merely provided evidence of the recollections of a handful of individuals—almost entirely from one Colorado resort—who insist the Court should accept their speculation about nationwide unlawful policies even when a larger and more representative group of Instructors testify Plaintiffs' allegations are not representative of employee experiences at their resorts.

**B. The R&R's Finding that "Nothing in the Record" Refutes Plaintiffs' Allegations They are Similarly Situated to all Instructors Nationwide is Clearly Erroneous and Its Conclusion That Plaintiffs Established Substantial Similarity Is Contrary to Law.**

1. *The Record Establishes Plaintiffs Are Not Similarly Situated to All Instructors as to Their Training Time Allegations.*

Plaintiffs allege Vail did not compensate Instructors for required "training" and "certification," and the R&R finds there is "nothing in the record" refuting these allegations. This finding is clearly erroneous. Vail provided testimony from 13 Instructors in six states attesting the policy at their resorts is to compensate Instructors for all required training and certifications. (ECF 160-1, pp. 21-23; *see, e.g.,* ECF 160-2, 189, ¶10, 17, ¶18; 35-36, ¶2; 41, ¶17; 77, ¶15.)

In contrast, Plaintiffs do not provide any substantial allegations supporting their training time claims. Indeed, Plaintiffs Quint and Linn offer ***no testimony at all*** regarding Vail's alleged failure to pay for training time, which by itself precludes any conclusion they are similarly situated to members of the putative collective in this respect.

This also shows that Vail's purportedly "common" policy is not common at all. Indeed, ***half*** of Plaintiffs' Instructor declarants are silent regarding unpaid training time. (ECF 149-1, 149-2, 149-4, 149-5, 149-10, 149-11, 149-12, 152.) Out of ***thousands*** of Instructors, Plaintiffs offer only ***eight*** witnesses who testify regarding unpaid training/certification, most of whom only complain they are not paid for "voluntary" or "elective" training to improve their skills and none of whom actually provide any evidence regarding the existence of a nationwide, or even resort-wide, unpaid mandatory training policy. (ECF 149-3 ¶17, 149-7 ¶20, 149-8 ¶22, 149-9 ¶21, 149-13 ¶21, 149-14 ¶5, 149-15 ¶22, 149-16 ¶24.)  They merely testify about their

8

personal experiences and urge the Court to assume these experiences are representative of a much larger collective.

In short, the evidence conclusively disproves the R&R's finding that there is "nothing in the record" refuting Plaintiffs' training time allegations. It is exactly the opposite: there is nothing in the record *to support* the determination that Plaintiffs have proffered substantial allegations of a nationwide policy of not paying for mandatory training/certification time. As such, the R&R's factual determinations are clearly erroneous, and the conclusion that notice should issue to all Instructors with respect to Plaintiffs' training time allegations is contrary to law.

2. *The Record Establishes Plaintiffs Are Not Similarly Situated to All Instructors as to Their Donning and Doffing Allegations.*

Plaintiffs claim all Instructors are required to don and doff uniforms and equipment in Vail locker rooms and are not compensated for such time. The R&R finds "nothing in the record" disputes this allegation either, but this finding is likewise clearly erroneous. (ECF 160-1, pp. 14-16.) Vail offered extensive evidence confirming Instructors are permitted to dress at home and are compensated when they do decide to don/doff at work. (ECF 160-2, 16, ¶7, 198, ¶7, 30, ¶15, 144, ¶6c.) This evidence belies the R&R's finding that nothing in the record disputes Plaintiffs' donning and doffing allegations. Given that Vail introduced robust evidence that Instructors working at other resorts disagree with Plaintiffs' allegations, it is clear error to assume Plaintiffs' allegations constitute proof of a nationwide unlawful policy.

In fact, the record shows Plaintiffs' declarants have no admissible basis to testify about the experiences of anyone besides themselves, let alone a massive nationwide collective. Plaintiffs provided no evidence with respect to Instructors who worked at any resorts other than the four where Plaintiffs' declarants worked.

9

Similarly, there is no basis to disseminate notice to Instructors at resorts even in the states of California, Utah, or Colorado. Plaintiffs' testimony relating to employees in those states is based on rank speculation. For example, Plaintiffs' only declarant from Utah (Jill Adler) unilaterally concludes it is "Company policy not to pay hourly employees for the time they spent donning or doffing uniforms." (ECF 149-13, ¶4.) But both she and Plaintiffs' only declarant from California (Thomas Dodson) merely testify their preference is to put on equipment in the parking lot before arriving at work. (ECF 149-13, ¶7, 149-16, ¶8.) They do not identify any common policy, practice, rule, or even a manager that required them or any other Instructors to don or doff in any particular fashion or off the clock. While Ms. Adler and Mr. Dodson may speculate about other employees' experiences, they cannot reconcile their experiences with those of the (many) witnesses who disagree with them, rendering any attempt to extrapolate from their testimony unreliable.

The testimony from Plaintiffs' Colorado declarants is similarly tainted by speculation. Although Plaintiffs' Colorado witnesses insist there is a common donning/doffing policy, Vail's Colorado witnesses refute these allegations. Further, while Plaintiffs' Colorado witnesses assert a nationwide policy requires employees to don/doff within designated Vail locker rooms, their Utah and California witnesses confirm employees can choose where and when to get dressed. (*See, e.g.,* ECF 149-13, ¶7, 149-16, ¶8.)

This disagreement among Plaintiffs' witnesses about the substance of Vail's donning/doffing policy only underscores that no such common policy exists. Some Instructors get dressed at home, some in their cars, and some in locker rooms. Some Instructors record their donning/doffing time as working time, and some do not. As such, the R&R's conclusions

regarding the existence of a nationwide donning and doffing policy, and its reliance on such a conclusion to order dissemination of notice to all Instructors, is contrary to law.

        3.   *The Record Establishes Plaintiffs Are Not Similarly Situated to all Instructors Nationwide as to Their Travel Time Allegations.*

The R&R also finds Vail failed to offer any evidence to contradict Plaintiffs' allegation of a common policy of "not compensating employees for 'travel time' spent riding Vail-provided shuttles from remote employee parking lots to the base area where employees clock in for work." (*E.g.*, ECF 149-1, ¶16.)

This finding ignores Vail's evidence. For example, witnesses from Beaver Creek, Breckenridge and Heavenly, as well as Vail and Keystone, all testified that use of a shuttle is optional. (ECF 160-2, 36, ¶3, 16, ¶8, 95, ¶16, 33, ¶6, 76-77, ¶¶4, 11.) Other Instructors testified there is no shuttle or bus system at their resorts at all, making the existence of a common "required shuttle" policy an impossibility. (*Id.* at 40, ¶6, 189, ¶5.)

Further, the R&R's finding is clearly erroneous because Plaintiffs' own evidence is not common, undisputed, or even relevant. Practically all of Plaintiffs' "travel time" testimony comes from witnesses at Beaver Creek in Colorado. (*See* ECF 149.) Plaintiffs' only other travel time witnesses (two from Breckenridge, and one from Heavenly in California) ***do not even testify they were required to use a company shuttle***. At most, they assert they were not compensated when they did so, which cannot constitute an actionable claim or grounds for dissemination of notice. (ECF 149-2, ¶¶5-6, 149-3, ¶6, 149-16, ¶6.) *See Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263, 271 (2006) (travel time on company shuttles not compensable because riding the shuttle was voluntary).

In sum, the R&R clearly erred in finding "nothing in the record disputes" the existence

of a common policy of denying pay for mandatory time on company shuttles. As the Court's

June 23 Order rejecting conditional certification recognized:

> …as Vail Resorts points out and Plaintiffs concede, even the distances and travel
> times within Beaver Creek vary….And the distances and travel times across all 33
> United States Resorts vary even more. Indeed, the variety of different topographies
> across the 33 resorts and different methods of travel (parking and walking or taking
> a shuttle) indicates a ***lack of similarity*** across the proposed class.

ECF 141 p. 5 (emphasis added). The record evidence further confirms this lack of similarity.

There is no basis to conclude dissemination of notice to a nationwide class is warranted because

a few employees think they had no choice but to use a shuttle. This conclusion is contrary to

law.

### C. Notice is Improper in Light of the Pending *Hamilton* Settlement, Which Will Fundamentally Alter the Scope of Any Putative Collective.

Further, even if Plaintiffs had shown themselves similarly situated to a nationwide

collective, the R&R is still contrary to law because it overlooked the significance of the parallel

*Hamilton* settlement and related notices. It is well established that *Hoffman-LaRoche* notices help

to "prevent 'misleading communications' and ensure notice is 'timely, accurate, and

informative.'" *Gonzalez v. TZ Ins. Sols., LLC*, No. 8:13-CV-2098-T-33EAJ, 2014 WL 1248154,

at *5 (M.D. Fla. Mar. 26, 2014) (quoting *Hoffman–La Roche*, 493 U.S. at 171). Here, it would

be misleading, inaccurate, and confusing to disseminate notice to thousands of Instructors who

have already received a notice informing them of the finally-approved *Hamilton* settlement and

release.

Once the *Hamilton* settlement is finalized,[3] it will effectively extinguish the FLSA claims as to all but 1,603 Vail employees who opted out, including Instructors. *E.g.*, *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 453, 455 (5th Cir. 2016) (*res judicata* based on state law class action settlement barred subsequent FLSA action by absent class member). Sending notice to such employees, who have already received notices of the settlement of their claims against Vail, would be futile, confusing, and needlessly complicate the orderly process of the *Hamilton* settlement. *E.g.*, *Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2018 WL 11436308, at \*5 (E.D. Wash. Apr. 26, 2018) ("sending a second class notice would unnecessarily cause confusion among the Class members."). As this Court has recognized, it is not uncommon to stay or refrain from activity in one parallel lawsuit pending the resolution of proceedings in a separate lawsuit that has progressed further. (ECF 81.)  The Court can, and should, refrain from ordering dissemination of notice until after the parties know who is covered by the *Hamilton* settlement, and to what extent.

## II.     ALTERNATIVELY, THE SCOPE OF THE NOTICE GROUP SHOULD BE DEFINED AND LIMITED.

For the reasons described above, the Court should sustain Vail's objections and reject the recommendation to disseminate notice. However, even if this Court overrules these objections, Vail objects to the scope of the notice group.

Even if the Court ignored Vail's evidence, Plaintiffs' evidence plainly does not support the issuance of nationwide notices. There are two Instructor Plaintiffs in this case, and 14 Instructors have testified in support of the Motion to Disseminate Notice. Some 11,380

---

[3] The *Hamilton* settlement has been fully approved by the California court. The only reason it remains not "final" is due to Plaintiffs' failed motion to vacate the settlement and their pending appeal of that denial.

Instructors have worked for Vail over the past three years, meaning Plaintiffs' declarants represent ***less than 0.14% of the notice group***.

Further, of those 16 Instructors, 12 of them worked exclusively at Beaver Creek during the statutory period. And the evidence as to the experiences of Instructors at Breckenridge, Heavenly, and Park City varies greatly regarding Plaintiffs' travel, donning and doffing, and training time claims. Therefore, at most, Plaintiffs' allegations reflect the possibility of isolated FLSA violations experienced by a few Beaver Creek Instructors—not evidence of widespread, nationwide violations emanating from a common policy. Thus, if the Court does determine notice should issue, which it should not, it should issue to no broader group than Instructors working at Beaver Creek during the statutory period.

## CONCLUSION

For these reasons and those in Vail's Response to Certification Motion and Response to Motion to Disseminate Notice, Plaintiffs have failed to make the minimum "modest," "colorable" showing that they are similarly situated to the thousands of Instructors nationwide they seek to represent. The R&R's determinations that Plaintiffs have offered substantial, fact-based allegations of such similarities at all 37 Vail resorts, and that Vail has not disputed these allegations, are clearly erroneous. And because those faulty determinations support the recommendation that notice issue to all Instructors nationwide, that recommendation is contrary to law. Therefore, the Court should reject the recommendation to disseminate *Hoffman-LaRoche* notices and deny Plaintiffs' Certification Motion and Motion to Disseminate Notice.

Respectfully submitted this 6th day of December, 2022.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*s/ Michael H. Bell*
Michael H. Bell
Steven R. Reid
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
mike.bell@ogletree.com
steve.reid@ogletree.com

*Attorneys for Defendant Vail Resorts, Inc.*

### CERTIFICATE OF COMPLIANCE WITH PRACTICE STANDARDS

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Michael H. Bell*
Michael H. Bell

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2022, I electronically filed the foregoing **DEFENDANT'S PARTIAL OBJECTIONS TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO DISSEMINATE NOTICE TO COLLECTIVE MEMBERS** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to counsel for Plaintiffs, as follows:

Edward P. Dietrich
Edward Dietrich, APC
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
edward@dstlegal.com

Benjamin Galdston
Omnum Law APC
4350 Executive Drive, Suite 350
San Diego, CA 92121
bgaldston@omnumlaw.com

*Attorneys for Plaintiffs*

*s/ Alison L. Shaw*
Alison L. Shaw, Paralegal

16