## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-03569-DDD-GPG

RANDY DEAN QUINT, JOHN LINN, and
MARK MOLINA, Individually and On Behalf
Of All Others Similarly Situated,

      Plaintiffs,

v.

VAIL RESORTS, INC., a Delaware corporation,

      Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING MOTIONS TO COMPEL

---

Defendant Vail Resorts, Inc. ("Vail") respectfully submits its response to Plaintiffs' Objection to Recommendation Denying Motions to Compel (the "Objection," ECF No. 188), as follows:

## I.      INTRODUCTION

Plaintiffs' Objection to Magistrate Judge Gallagher's Recommendation (the "Recommendation," ECF No. 183) denying Plaintiffs' Motions to Compel (ECF Nos. 163 and 164) has no basis. The Recommendation is subject to review under the clearly erroneous standard, yet there has been no showing that the Recommendation is clearly erroneous or contrary to law. Magistrate Judge Gallagher properly determined Vail is not required to produce additional documents related to all of its nationwide locations and/or related to opt-in plaintiffs who are no longer part of this litigation. He also properly determined Plaintiffs' interrogatories each contain

multiple discrete subparts, resulting in Plaintiffs significantly exceeding their 75-interrogatory limit. Plaintiffs do not even attempt to show the Recommendation's sound analysis of their interrogatory subparts was contrary to law. Instead, they merely voice conclusory disagreement, which is insufficient to meet their burden under the clearly erroneous standard. Accordingly, the Court should deny the Objection and adopt the Recommendation as it relates to Plaintiffs' Motions to Compel (ECF Nos. 163 and 164) as an Order of the Court.

## II.    LEGAL ARGUMENT

### A.    The Recommendation Is Non-Dispositive and Subject to a Clearly Erroneous Standard.

It is well established a magistrate judge's recommendation denying a motion to compel discovery is non-dispositive. *See, e.g., Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 986 (10th Cir. 2000); *Carridine v. Richous*, No. CV 15-4167 (JRT/FLN), 2016 WL 7477758, at *3 (D. Minn. Dec. 29, 2016). A recommendation on a non-dispositive matter may be modified or set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court should accept the Recommendation unless the entire record evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *1 (D. Colo. Mar. 15, 2021) ("When applying the clearly erroneous standard, the Court is not entitled to reverse the magistrate judge's findings simply because it is convinced that it would have decided the case differently, and the Court may not decide factual issues *de novo*.") (citations omitted).

Plaintiffs claim the *de novo* standard applies, relying on an attenuated argument that denial of the motions to compel "den[ies] the Plaintiffs the discovery needed to further support their class certification motion." (ECF No. 188, p. 4.) While courts do apply the "effects" test to determine whether a ruling is dispositive or non-dispositive, Plaintiffs have not shown denial of the motions to compel resulted in denial of their certification motion. As described in more detail below, there is no basis for Plaintiffs' argument that, for example, their motion for class certification would have been granted if they were able to obtain organizational charts showing Vail's leadership nationwide. Instead, the Magistrate Judge identified fundamental issues with Plaintiffs' class certification motion unrelated to the discovery at issue in the motions to compel. Accordingly, the Recommendation is non-dispositive and the *de novo* standard does not apply.

**B.      The Recommendation's Denial of Plaintiffs' Motions to Compel Is Not Clearly Erroneous or Contrary to Law.**

The Recommendation is well-reasoned and supported by the law. Plaintiffs assert the Recommendation "gave short shrift" to their arguments and discovery requests and "overlooked, failed to consider, or simply ignored Plaintiffs' ample points and authorities supporting the motions." (ECF No. 188, p. 2.) But a close review of the Recommendation demonstrates the Magistrate Judge closely analyzed Plaintiffs' arguments.[1] Further, even if he provided only a summary analysis, the Magistrate Judge's choice not to engage with each individual argument is not error and does not prevent the Court from adopting the Recommendation.

As an initial matter, Plaintiffs mischaracterize how discovery has progressed thus far in

---

[1] Notably, the Recommendation gave Plaintiffs a "pass" with respect to their clear failure to follow the Court's required discovery dispute process before filing their Motions to Compel. (ECF No. 183, p. 24, n.12.)

this case, using colorful language such as "stonewalling," "evasion," and "gamesmanship." (*Id.*, pp. 6-7.) The facts belie these claims. Vail has produced hundreds of documents, including documents specific to the named Plaintiffs as well as opt-in plaintiffs (before the opt-ins were stricken from the case). Here is a brief overview of Vail's relevant production:

- In April 2021, Vail produced approximately 900 pages of policy documents related to its compensation policies for Beaver Creek Resort, the sole Vail resort location at which any of the Plaintiffs worked.

- In April 2021, Vail produced payroll records for the named Plaintiffs and many of the now-dismissed opt-in plaintiffs. Vail also supplemented with additional payroll records for the named Plaintiffs in September 2022.

- In June and July 2021, Vail identified all relevant personnel responsible for implementing policies in the Colorado location where Plaintiffs worked, included in its initial disclosures. Vail supplemented this information by producing relevant organizational charts for the resort and departments in which Plaintiffs worked in September 2022.

Moreover, Plaintiffs fail to mention that they did not provide Vail an opportunity to meaningfully discuss the discovery at issue before filing their Motions to Compel. Prior to Plaintiffs filing their Motions to Compel on September 2, 2022, the Parties last had substantive discussions about trying to resolve any outstanding discovery disputes via telephone in June 2022. During that conversation, the Parties agreed, if they could not resolve outstanding discovery issues, they would work together to submit a joint discovery chart to the Court. (*See* ECF No. 139) ("[T]he Parties also propose submitting to the Court a revised chart outlining the remaining discovery dispute issues . . ."). Instead of following through on the Parties' joint plan, as represented to the Court on June 22, 2022, Plaintiffs simply mentioned discovery briefly via telephone in July 2022 during the course of a broader discussion about potentially extending class certification briefing deadlines. Notably, in their July 2022 communications, Plaintiffs gave no hint they would be filing their Motions to Compel. Plaintiffs then fell silent regarding discovery issues for over a month,

and filed their Motions without even attempting to first discuss the arguments and alleged deficiencies highlighted therein with Vail.

       1.     <u>The Recommendation Correctly Denied Plaintiffs' Motion to Compel Production of Documents.</u>

The Recommendation summarized the document requests at issue as falling into four main categories: (i) public statements that Vail allegedly made concerning its pay policies or wages; (ii) pay statements for the named and opt-in Plaintiffs; (iii) policy manuals in effect at Vail locations other than those where the named Plaintiffs worked; and (iv) additional organizational charts. (ECF No. 183, p. 25.) The Magistrate Judge correctly reviewed the propriety of these document requests through the lens of the phased discovery set forth in the Court's Scheduling Order. Specifically, Magistrate Judge Gallagher confirmed the case was still in Phase 1 of discovery, focusing "on the Named Plaintiffs and opt-in Plaintiffs and the discovery necessary for conditional certification of the FLSA collective action." (ECF No. 183, p. 24 (quoting July 8, 2021 Scheduling Order, ECF No. 64).)

       *a.*     *The Recommendation Correctly Denied Plaintiffs' Motion to Compel Documents related to "Public Statements."*

Plaintiffs contend Magistrate Judge Gallagher wrongly concluded that documents related to Vail's "public statements alleged in the Complaint" are not within the scope of Phase 1 discovery. They argue such documents are within Phase 1 discovery "because these statements apply equally to the named Plaintiffs as any other member of the proposed collective/class." (ECF No. 188, p. 10.) But the Recommendation properly dismissed this nonsensical and circular argument. Magistrate Judge Gallagher correctly noted none of Plaintiffs' FLSA claims will turn on "generalized and categorical statements to the public." (ECF No. 183, p. 25.) Rather, such

statements "are relevant, if at all, only to Plaintiffs' common-law fraud claims or their state-law analogues." Further, it defies reason to assert that any statement by Vail that employees would be "paid per hour" and "paid for all hours worked" is relevant to Plaintiffs' claims. Such generalized statements by Vail merely indicated it would follow the law without describing any of Vail's various policies and practices at its different locations. Further, because the requested statements fall outside the scope of Phase 1 discovery, the Recommendation did not err in declining to require Vail to produce these documents.

Moreover, as Vail argued in its Response to Plaintiffs' Motion to Compel (ECF No. 174, pp. 10-11), the request for all public statements, including "all drafts" and "communications" about such public statements is also grossly overbroad and unduly burdensome. *See, e.g., GSL Grp. Inc. v. Travelers Indem. Co.*, Civil Action No. 1:18-cv-00746-MSK-SKC, 2020 WL 12813087, at *3 (D. Colo. May 27, 2020). Any alleged public statements would be equally available to Plaintiffs and, therefore, not discoverable. *Averyt v. Wal-Mart Stores, Inc.*, 265 P.3d 456, 460 (Colo. 2011) ("As a general rule, . . . discovery is not required for public documents that are equally available to all parties."). Therefore, in addition to being outside the scope of the current phase of discovery, the request is improper generally under well-established precedent. The Magistrate Judge's Recommendation denying Plaintiffs' request regarding public statements is not clearly erroneous.

       b.    *The Recommendation Correctly Denied Plaintiffs' Motion to Compel Additional Pay Statements.*

Plaintiffs contend the Recommendation failed to address their arguments related to pay statements and, therefore, the Recommendation is incorrect. But Magistrate Judge Gallagher's analysis—viewed in the context of the briefing on Plaintiffs' motion to compel these documents— was sound. Plaintiffs focus their contention on a strawman argument that Vail failed to produce

Plaintiffs' pay records.  But this argument is patently false.  Vail produced payroll records for each of the named Plaintiffs and many of the now-dismissed opt-in plaintiffs over 20 months ago, in April 2021.  The Parties have been conferring for months about the format of potential additional compensation records for Vail to consider producing.  Plaintiffs continue to point to prior discussions about producing additional records related to opt-in plaintiffs, which occurred when opt-in plaintiffs were still part of the case, but do not—and cannot—show why Vail is required to produce any opt-in discovery now that those opt-in plaintiffs have been stricken from the case. Ultimately, without continuing these discussions in earnest, Plaintiffs simply filed their Motion to Compel.

After reviewing the Motion, in an attempt to resolve any outstanding issues in good faith, Vail produced <u>additional</u> pay statement records regarding each of the named Plaintiffs in September 2022.  Vail has therefore met its obligations to produce compensation records for each of the named Plaintiffs under Rules 34 and 26(e) of the Federal Rules of Civil Procedure. Magistrate Judge Gallagher correctly relied on this Court's prior adoption of his earlier recommendation to strike all opt-in plaintiffs from this case.  (ECF 183, p. 26 (citing ECF No. 141, pp. 7-9).)  His sound analysis included his conclusion that the striking of the opt-in consents operated to exclude the "opt-in parties from this litigation." (*Id*.)  In so holding, Magistrate Judge Gallagher determined Vail correctly limited its discovery responses to the named Plaintiffs—even though Vail previously produced pay documents for various now-stricken opt-in plaintiffs.

      c.    *The Recommendation Correctly Denied Plaintiffs' Motion to Compel Additional Policy Manuals and Organizational Charts.*

Plaintiffs contend Magistrate Judge Gallagher's Recommendation "mistakenly concludes that Vail's employment policy manuals for locations other than where Plaintiffs work (Colorado)

are not relevant to those Plaintiffs' claims." (ECF No. 188, p. 8.) But the Magistrate Judge correctly determined there is no need for discovery focusing on conditional certification of Snow Sports Instructors as such discovery will be required as part of the next phase of discovery if those locations become relevant. (ECF No. 183, p. 26.)

Further, Plaintiffs mischaracterize the Recommendation, asserting it is internally contradictory because the Magistrate Judge held that Plaintiffs failed to offer evidence to support Rule 23 certification but denied the motion to compel additional policy manuals and organizational charts. Notably, the Magistrate Judge's primary recommendation related to class certification was bifurcation and stay, with denial being only a secondary recommendation. Further, the Magistrate Judge's secondary recommendation to deny class certification was not based on a lack of evidence in the form of policy manuals or organizational charts. Rather, the denial recommendation was based on lack of commonality and predominance across Plaintiffs' broad proposed class. In particular, the Magistrate Judge reasoned that, given the "extremely wide variety in the tasks performed by each type of employee" in the proposed class, there was a corresponding "wide variety of ways in which commonly-applied Vail policies might affect each type of employee." (ECF No. 183, p. 9.) The Magistrate Judge also concluded that Plaintiffs had failed to even argue, let alone show, "that the [nine] states in question under which Plaintiffs bring state law claims have effectively similar laws." (*Id.* at p. 13.)

Additional policy manuals and/or organizational charts would not have resolved these fundamental problems with Plaintiffs' request for class certification. Indeed, the Recommendation's reasoning assumes that even if there were common policies that applied to all non-exempt employees across the United States—and there are not—the same commonality and

predominance issues would plague Plaintiffs' proposed class based on the sheer breadth of roles and locations. Plaintiffs' sweeping proposed class could not possibly have been saved by reference to Vail's various employee policy manuals and organizational charts, applicable to various nationwide locations. Plaintiffs simply cannot satisfy the requisite commonality and predominance showings, with or without the policy manuals or organizational charts at issue.

Notably, Vail has already produced approximately 900 pages of policy documents related to its compensation policies for Beaver Creek, the sole Vail location at which Plaintiffs worked. Vail also produced relevant organizational charts for Beaver Creek. Courts have broad discretion regarding the scope of pre-certification discovery. *See Infinity Home Collection v. Coleman*, No. 17–mc–00200–MSK–MEH, 2018 WL 1733262, at *2 (D. Colo. Apr. 10, 2018). The reason for limiting pre-certification discovery "is that responding to class-wide discovery before the plaintiff has demonstrated the requirements for class certification frequently presents an undue burden on the responding party." *Id.* at *2 (citing *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998)) (stating that pre-certification discovery should not be "so broad that the discovery efforts present an undue burden on the defendant."). Here, there is simply no reason to compel Vail to produce anything beyond the hundreds of pages of policy documents and organizational charts it has already produced, especially given that no class has been certified. Accordingly, the Recommendation's denial of the motion to compel production of hundreds of irrelevant policy manuals and organizational charts across the nation was proper.

2.   The Recommendation Correctly Denied Plaintiffs' Motion to Compel Interrogatory Responses.

The Magistrate Judge correctly rejected Plaintiffs' confusing argument that they are permitted to serve unlimited subparts simply because the Court's scheduling order did not

"expressly reference subparts when establishing the 75-interrogatory limit."  (ECF No. 183, p. 27.)
As the Recommendation states, "[a]ny reasonable attorney familiar with federal practice would
understand that a limit on interrogatories applies equally to 'discrete subparts' embedded within a
single interrogatory, regardless of whether a Scheduling Order states as much."  (*Id*.)  As the
Recommendation notes, to "suggest otherwise would render numerical limits on interrogatories
meaningless[.]"  (*Id*.)

Plaintiffs contend the Magistrate Judge's analysis is "deeply flawed," but fail to
demonstrate the alleged flaw(s) or even provide their own counter-analysis.  (ECF No. 188, p. 11.)
Plaintiffs attempt to reframe their argument that they were entitled to unlimited discrete subparts.
But they make a distinction without a difference in stating the Parties agreed to 75 interrogatories
without regard to subparts and blame Vail for their abuse of subparts, stating "Vail had already
violated the Federal Rules default limitations through multiple subparts in its prior interrogatories
to Plaintiffs." (*Id*.)  Their allegations regarding Vail's conduct are not true.  Regardless, prior to
filing their Objection, Plaintiffs never claimed they served hundreds of interrogatories (when
counting the discrete subparts) <u>because of</u> the discovery Vail served and, therefore, have waived
this argument.

Apparently accepting their eye-for-an-eye argument is meritless, Plaintiffs also double
down in arguing the Recommendation's analysis regarding the number of subparts is "inconsistent
with well-settled case law."  (ECF No. 188, p. 12.)  But—in the same breath—they admit their
inclusion of document requests (sometimes multiple document requests) to accompany most of
their interrogatories was improper.  (*Id*.)  That admission alone demonstrates the Recommendation
to deny the motion to compel interrogatory responses was correct.

The Recommendation's analysis regarding the interrogatories was detailed, thorough, and correct.  The Magistrate Judge relied on some of the same case law cited by Plaintiffs.  Plaintiffs may <u>disagree</u> with the <u>application</u> of the law, but their unsupported and conclusory disagreement is insufficient to show the Recommendation is clearly erroneous or contrary to law.  The Magistrate Judge clearly took a close look at the relevant interrogatories.  Specifically, even though Vail cited many of Plaintiffs' interrogatories—with accompanying multiple discrete subparts—in its response to Plaintiffs' Motion to Compel Interrogatory Responses (ECF No. 175), Magistrate Judge Gallagher unilaterally examined a separate interrogatory.  Indeed, he provided Plaintiffs' Interrogatory No. 2 as an example, which states in its entirety:

> **<u>INTERROGATORY NO. 2:</u>**  Did Vail Resorts or any of its subsidiaries, ski resorts, properties or establishments pay hourly employees for the time spent working while traveling to/from employee or guest or other type of parking lot and locker rooms or work sites?
>
> a)  If yes, identify each subsidiary, ski resort, property, or establishment that paid hourly employees for the time spent working while traveling to/from employee or guest or other type of parking lot and locker rooms or work sites.
>
> b)  If yes, EXPLAIN how each subsidiary, ski resort, property, or establishment determined how much to pay each hourly employee for the time spent working while traveling.
>
> c)  If yes, provide the data including the amount of time each hourly employee spent working while traveling and the hourly wage paid for the time spent working while traveling in native electronic format by individual for each day.
>
> d)  If no, EXPLAIN why Vail Resorts or any of its subsidiaries, ski resorts, properties or establishments DID NOT pay hourly employees for the time spent working while traveling to/from employee or guest or other type of parking lot to locker rooms or work sites.
>
> e)  If only certain subsidiaries, ski resorts, properties or establishments paid hourly employees for the time spent working while traveling from employee or guest or other type of parking lot to locker rooms or work sites, EXPLAIN why each subsidiary, ski resort, property, or establishment paid hourly employees for the

time spent working while traveling from employee or guest or other type of parking lot to locker rooms or work sites.

f) If only certain subsidiaries, ski resorts, properties or establishments DID NOT pay hourly employees for the time spent working while traveling from employee or guest or other type of parking lot to locker rooms or work sites, EXPLAIN why each subsidiary, ski resort, property, or establishment DID NOT pay hourly employees for the time spent working while traveling from employee or guest or other type of parking lot to locker rooms or work sites.

g) Are there documents that support or contradict your answer to these interrogatories?

h) If there are documents that support or contradict your answer to these interrogatories, have the documents been produced?

i) If the documents have been produced, please IDENTIFY the documents.

j) If the documents have NOT been produced, EXPLAIN why the documents have NOT been produced and if they will be produced.

(ECF No. 183, pp. 28-29.) The Magistrate Judge determined this single interrogatory contains "several discrete subparts, thereby counting as several inquiries against the 75-interrogatory limit." (*Id.*, p. 29.) Even a cursory review of the Magistrate Judge's analysis demonstrates his determination was not clearly erroneous or contrary to law. For Interrogatory No. 2, the Recommendation states the main interrogatory is a "yes or no" question and subpart (a) is subsumed within the main inquiry as it merely seeks clarification. But subpart (b), on the other hand, is an "explain how" question that is "logically distinct" from the yes-or-no main question. (*Id.* at pp. 29-30.) And, as the Magistrate Judge explained, subpart (c) requests documents, which Plaintiffs admit is a separate and distinct inquiry. (*Id.* at p. 30.) He also explained that subparts (d), (e), and (f) are additional and separate "explain why" inquiries, which are either their own separate interrogatories or taken together one additional separate interrogatory. (*Id.*) Ultimately, Magistrate Judge Gallagher determined Interrogatory No. 2 is "at a minimum" five separate

interrogatories.  (*Id*. at p. 31.)  He conducted a similarly thoughtful analysis of Interrogatory No. 3, noting the structure resembles Interrogatory No. 2, and contains at least four separate interrogatories. (*Id*.)  Magistrate Judge Gallagher's ultimate conclusion was that "even a selective review of the Plaintiffs' interrogatories yields the conclusion that the aggregate number of unrelated subparts clearly exceeds the 75-interrogatory limit." (*Id*.)

In their Objection, Plaintiffs fail to demonstrate any flaws or errors in the Magistrate Judge's sound analysis.  Instead, they simply recite case law stating subparts "directed at eliciting details concerning a common theme should be considered a single question." (ECF No. 188, p. 14) (citations omitted).  Nobody disagrees regarding the standard for determining whether a subpart counts as a separate interrogatory.  Vail, Plaintiffs, and the Magistrate Judge all rely on similar cases to describe the standard.  But the <u>application</u> of the standard demonstrates Plaintiffs' propounded interrogatories <u>far</u> exceeded their 75-interrogatory limit even with an analysis of only a handful of Plaintiffs' far-reaching interrogatories.  While Vail and the Magistrate Judge conducted thorough analyses in applying the law to Plaintiffs' interrogatories, Plaintiffs—in their Objection—did not conduct <u>any</u> analysis of their interrogatories.  They certainly did nothing to demonstrate the analysis and determination contained in the Recommendation was "clearly erroneous or contrary to law."  Plaintiffs' Objection to Magistrate Judge Gallagher's recommendation to deny their motion to compel interrogatory responses should therefore, be overruled.

### III.   CONCLUSION

For the reasons discussed above, and in Vail's Responses to Plaintiffs' Motion to Compel Production of Documents and Plaintiffs' Motion to Compel Interrogatory Responses (ECF Nos. 174 and 175), Vail respectfully requests this Court overrule the Objection and adopt the Recommendation as an order of the Court.

Respectfully submitted this 20th day of December, 2022.

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

*s/ Michael H. Bell*
Michael H. Bell
Steven R. Reid
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
mike.bell@ogletree.com
steve.reid@ogletree.com

*Attorneys for Defendant Vail Resorts, Inc.*

### CERTIFICATE OF COMPLIANCE WITH PRACTICE STANDARDS

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Michael H. Bell*
Michael H. Bell

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of December, 2022, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING MOTIONS TO COMPEL** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to counsel for Plaintiffs, as follows:

Edward P. Dietrich                         Benjamin Galdston
Edward Dietrich, APC                    Omnum Law APC
9595 Wilshire Boulevard, Suite 900   4350 Executive Drive, Suite 350
Beverly Hills, CA 90212                  San Diego, CA 92121
edward@dstlegal.com                     bgaldston@omnumlaw.com

*Attorneys for Plaintiffs*

*s/ Alison L. Shaw*
Alison L. Shaw, Paralegal