**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:20-cv-03569-DDD-GPG

RANDY DEAN QUINT, JOHN LINN, and
MARK MOLINA, Individually and On Behalf
Of All Others Similarly Situated,

    Plaintiffs,

v.

VAIL RESORTS, INC., a Delaware corporation,

    Defendant.

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION ON MOTION TO CERTIFY CLASS**

Plaintiffs sought to certify a behemoth nationwide class of over 100,000 employees working in 14 states, holding hundreds of jobs at dozens of resorts. Plaintiffs also pursued claims under not a single body of law, but under the Fair Labor Standards Act ("FLSA"), 16 wage and hour laws spanning nine states, and breach of contract under all nine states' laws. Despite this vast-ranging variety, Plaintiffs offered no plan for a factfinder to manage the myriad differences in the putative class's experiences or the conflicting legal inquiries at issue in their multitude of claims. Worse, Plaintiffs failed to proffer a shred of evidence that the putative class members were subject to a common unlawful policy or practice holding their claims together.

In light of the foregoing, Magistrate Judge Gallagher made a reasoned Recommendation ("Recommendation," ECF No. 183) to bifurcate and stay the Rule 23 state law claims; and in the alternative to deny class certification. Plaintiffs' Objections to the Recommendation

("Objections," ECF No. 189) contend bifurcation is inappropriate merely because the Parties did not brief it and it *may* cause delay. But this is insufficient to overcome the reality that Plaintiffs' Certification Motion failed to establish how the FLSA and state law claims could be manageably adjudicated together without devolving into an untenable parade of individualized mini-trials. The Recommendation to bifurcate the claims was reasonable and the Court should adopt it.

Plaintiffs' remaining objections are repackaged versions of the same arguments they made in their certification reply, which Judge Gallagher considered and properly rejected. Rule 23's rigorous analysis confirms Plaintiffs' state-specific and job-specific theories cannot be resolved on a class-wide basis given critical variations. The Court should overrule Plaintiffs' Objections.

I. **The Court Should Overrule Plaintiffs' Objections to the Recommendation to Bifurcate and Stay.**

   A. **The Recommendation To Bifurcate and Stay Is Subject to a Clearly Erroneous Standard of Review.**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court must affirm the Recommendation unless the entire record evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

Plaintiffs know they cannot demonstrate the bifurcation recommendation is clearly erroneous, so they argue the Court should review it *de novo* because it supposedly "effectively 'disposes' of Plaintiffs' non-FLSA claims by staying them indefinitely." (ECF No. 189, p. 2.) Plaintiffs are incorrect. The Recommendation provides the stay would not be "indefinite," but would terminate when the FLSA claims are resolved. (ECF No. 183, p. 6.) Further, bifurcation

does not eliminate a claim or defense under FRCP 72(b); it simply saves the claim for a later day. *See also In re Hyatt Corp.*, 262 F.R.D. 538, 542 (D. Haw. 2009) (bifurcation is a non-dispositive matter); *SCF, LLC v. Hartford Fire Ins. Co.*, No. 120CV01173JDBJAY, 2021 WL 4206624, at *2 (W.D. Tenn. Sept. 15, 2021) (reviewing recommendation to bifurcate and stay under clearly erroneous standard). Accordingly, this non-dispositive order is reviewed for clear error.

### B. The Court's Recommendation to Bifurcate and Stay the Rule 23 Class Claims Was Not Clearly Erroneous or Contrary to Law.

This Court has broad discretion to bifurcate claims. *Easton v. City of Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). Bifurcation is appropriate for the following reasons: (1) for convenience; (2) to avoid prejudice; <u>or</u> (3) to expedite and economize resolution of the matter when doing so is not unfair or prejudicial to a party. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

Judge Gallagher's Recommendation to bifurcate is consistent with a long-line of authority that FLSA and Rule 23 claims are appropriately bifurcated. *See, e.g., Oldershaw v. DaVita Healthcare Partners, Inc.*, 255 F. Supp. 3d 1110, 1112 (D. Colo. 2017); *Nitzkorski v. Columbine Emergency Med. Servs., Inc.*, Civil Action No. 1:17-CV-01158-RM-SKC, 2018 WL 7141429 (D. Colo. Dec. 7, 2018); *Collins v. DKL Ventures, LLC*, Civil Action No. 16-cv-00070-MSK, 2017 WL 11569553 (D. Colo. July 19, 2017). In *Oldershaw*, for instance, this Court bifurcated FLSA and putative Rule 23 class claims under Colorado law. *Oldershaw, supra*.[1] The *Oldershaw* Court was faced with serious administrative difficulties caused by simultaneous maintenance of FLSA and Rule 23 claims due to their inherent differences. *Id.* at 1114-16. The differences between FLSA

---

[1] Plaintiffs suggest that the Court should not rely on *Oldershaw* because, there, bifurcation "caused delay and confusion." (ECF No. 189, p. 7.) But Plaintiffs do not present any support for this claim.

and Rule 23 claims "make the simultaneous consideration of both types of claims unworkable, inconvenient, costly, and potentially prejudicial to some employee plaintiffs." *Id.* at 1114 (emphasis added). Notices may contain inconsistent provisions and may be "complex and confusing" for absent class members; parallel Rule 23 and FLSA claims can also be harmful, as counsel prosecuting the FLSA claims could pursue strategies that are inconsistent with the Rule 23 approach. *Id.* at 1116-1117. Plaintiffs' dual FLSA and Rule 23 claims present the very same administrative difficulties as in *Oldershaw*.

Separate and apart from his *Oldershaw* analysis, Magistrate Judge Gallagher also correctly determined Plaintiffs' claims presented heightened challenges making bifurcation even more critical. (ECF No. 183, p. 6.) In particular, Plaintiffs are not pursuing just FLSA and one Rule 23 state-law claim, but rather FLSA claims and claims under the laws of nine separate states, with nine different sets of state substantive law statutes of limitations. *Id*. Magistrate Judge Gallagher correctly reasoned this complicated web of differing laws pursued on behalf of multiple different sub-classes of individuals "would substantially delay the ability of the court to quickly and conclusively adjudicate the FLSA claims of the opt-in plaintiffs," making bifurcation even more appropriate. *Id.* In sum, the Recommendation to bifurcate was well-reasoned and consistent with legal standards governing bifurcation.

### C. **Plaintiffs' Objections Do Not Demonstrate the Recommendation Is Erroneous.**

Plaintiffs make four unavailing objections to the Recommendation to bifurcate, all of which must be overruled.

### 1. Briefing Before Bifurcation Is Not Mandatory

Plaintiffs object that "bifurcation was not requested or briefed by any party." (ECF No. 189, p. 3.) But Plaintiffs provide no authority that this issue must be briefed before a case is bifurcated. In fact, *Oldershaw* made an oral ruling to bifurcate *sua sponte* during the hearing on plaintiff's motion for approval of FLSA notice without any briefing. *Oldershaw*, *supra*, 255 F. Supp. 3d. at 1111. The *Oldershaw* Court further concluded it would handle all "other actions that include FLSA and state law claims using bifurcation and sequential determination" *sua sponte*, making it incumbent on a challenging party to demonstrate that "it would be more efficient to litigate the claims simultaneously." *Id.* at 1118. Plaintiffs fail to make that showing (*infra* section I(C)(3)); and regardless, Plaintiffs' objection that briefing must precede bifurcation is baseless.

### 2. Bifurcation Is Not Inconsistent With This Court's Prior Order

Plaintiffs next object that bifurcation is inconsistent with the Court's July 8, 2022 order that "Plaintiffs must file their motions for an order to preliminary certify the class and for an order to disseminate within thirty days". (ECF No. 189, pp. 4-5 (citing ECF No. 144, pp. 4-5).) There is nothing in the Court's Order that requires a final Rule 23 determination now. Rather, a court must determine, "at any early practicable time," whether an action brought as a class action is to be so maintained. Fed. R. Civ. P. 23(c). The "early practicable time" instruction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision. Committee Notes on Rules – 2003 Amendment, citing *Willging, Hooper & Niemic*, Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules 26–36 (Federal Judicial Center 1996). "[M]any circumstances

may justify deferring the certification decision", and the decision must be made in light of the "critical need is to determine how the case will be tried." *Id.*

The Recommendation is consistent with these precepts. It provides a reasoned analysis that parallel prosecution of the FLSA and Rule 23 claims would cause enormous administrative challenges. (ECF No. 183, p. 6.) The Rule 23 certification decision is appropriately deferred to facilitate a more manageable trial of the numerous issues Plaintiffs pursue.

### 3. Plaintiffs Do Not Demonstrate Undue Prejudice.

Plaintiffs also object that bifurcation is "unfair and prejudicial," principally because it would cause "delay". (ECF No. 189, pp. 6-7.) Firstly, delay alone is insufficient to establish prejudice. *See, e.g.*, *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 88 (W.D.N.Y. 2011). Similarly, Plaintiffs' speculation that evidence may be lost is a hypothetical concern insufficient to establish actual prejudice will result. (ECF No. 189, p. 10.) Worse, Plaintiffs' argument is disingenuous, as they repeatedly (though unconvincingly) argue the FLSA and Rule 23 claims will require the same evidence. *See, e.g.*, *id.*, p. 15 ("Plaintiffs' claims arise from the same common nucleus of operative facts"); *id.*, p. 16 ("the facts presented to the jury would be the same".) There is no prejudice here sufficient to overcome the significant burdens posed by parallel maintenance of the FLSA and Rule 23 multi-state claims.

Plaintiffs also fail to demonstrate bifurcation will *actually* delay resolution of their myriad claims. In fact, Magistrate Judge Gallagher recognized parallel litigation would delay resolution of the FLSA claims. (ECF No. 183, p. 6.) Because the FLSA claims are brought on behalf of the largest group of individuals Plaintiffs seek to represent, Magistrate Judge Gallagher's

6

recommendation to bifurcate the fragmented and state-specific Rule 23 class claims is not clearly erroneous or contrary to law.

### 4. **Plaintiffs' Reading of the *German* Order Is Incorrect.**

Plaintiffs finally argue that bifurcation should be denied based on *German v. Holtzman Enterprises., Inc.*, Civil Action No. 19-cv-03540-PAB-STV, 2021 WL 1092654 (D. Colo. Mar. 22, 2021) (ECF No. 189, p. 9.) However, the *German* order actually reinforces why bifurcation is appropriate. The *German* Court differentiated *Oldershaw*—where plaintiffs "added putative class members from outside Colorado, meaning that the Rule 23 subclasses would be substantively different"—with the *German* plaintiffs single Rule 23 Colorado subclass on a single overtime claim. (*German,* 2021 WL 1092654, at *2) (emphasis added). The *German* Court determined bifurcation was unnecessary because the paralegal litigation would result in just one additional statute of limitations and sub-group. *Id.* at *3.

In stark contrast to *German's* **single** overtime claim under the FLSA and a **single** state law, Plaintiffs here bring 22 different substantive claims implicating the FLSA, nine states' differing laws, and employees working in 14 different states. The applicable statutes of limitations vary greatly, which will require different evidence.[2] Further, substantive differences between the various laws require analyzing differing facts against differing laws, which would likely lead to differing results. (*See*, *e.g.,* ECF No. 183 pp. 11, 13-14; ECF No. 160, pp. 6-9.) The facts that led the *German* Court to decline to bifurcate are entirely absent here.

---

[2] The FLSA statute of limitations is calculated with regard to each individual plaintiff based on the day(s) when opt-in members file their consent with the court to join the action. 29 U.S.C. § 256. In contrast, a class action under Rule 23 requires a single calculation of the statute of limitations that applies to the entire plaintiff class based on the date the action is filed. *See generally Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551-52 (1974).

## II. Plaintiffs' Objections to the Alternative Recommendation to Deny Class Certification Should Be Overruled.

Plaintiffs' Objections to the alternative recommendation to deny class certification are also unavailing. They essentially argue their request to certify a sweeping class of all current and former Vail hourly employees nationwide to pursue 16 state-specific theories should have been granted simply because Plaintiffs *also* allege federal FLSA claims. (ECF No. 189, p. 11.) There are glaring problems with this argument.

### A. Plaintiffs' Objections Continue to Ignore State-Law Variations

Plaintiffs' Objections concede that laws of nine different states apply to the proposed nationwide class (ECF No. 189, p. 11), yet Plaintiffs fail to offer the "extensive analysis of state law variations," necessary to show that multi-state certification will not present "insuperable obstacles." *Sacred Heart Sys., Inc. v. Humana Military Servs.*, 601 F.3d 1159, 1180 (11th Cir. 2010); *see also Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, No. 118CV01897-DDD-NYW, 2020 WL 8186476, at *4 (D. Colo. Apr. 13, 2020) ("A district court, to certify a nationwide class, must 'conduct an extensive analysis of whether any state-law variations exist' and if they do, 'determine whether those variations defeat predominance.'") (citations omitted).

Rather than meet their burden, Plaintiffs state their "federal FLSA claim is the 'glue' that holds the class together; accordingly, analysis of the pendant state claims is unnecessary."[3] (ECF No. 189, p. 11.) But Plaintiffs gloss over a critical point: the FLSA and various states take starkly

---

[3] The Objection simultaneously argues that the Complaint provides the required analysis. (ECF No. 189, p. 14, n.2.) But the Complaint itself recognizes fundamental differences between the various sources of law and fails to establish state-law variations will not present insuperable obstacles to a single trial (*e.g.,* ECF No. 1, ¶¶ 183, 286, 289).

8

differing approaches about what time is considered compensable or what is considered reimbursable.

As the Recommendation recognized, there is substantial variation among the FLSA and various state laws' treatments of commute time, preliminary/postliminary tasks, donning/doffing, reimbursement, and exemptions, all of which continue to be ignored by Plaintiffs' Objections. (ECF No. 183, pp. 11, 13; ECF No. 160, pp. 6-9.) These myriad differences would require a factfinder to adjudicate liability state-by-state in a series of mini-trials, causing individualized issues to overwhelm any common ones.

In fact, the Objection effectively concedes that a jury would need to engage in a state-by-state analysis of Plaintiffs' travel time claims, suggesting that "a jury would first decide whether the FLSA required Vail to employees for [commute] time. Only if the jury determined that the time was not compensable under the FLSA would it have to decide if it was compensable under [nine different] states' laws." (ECF No. 189, pp. 15-16.) Aside from the fact that Plaintiffs are essentially advocating for bifurcation here—despite opposing it a few pages prior—their argument misses the more salient point: a preliminary FLSA finding would do nothing to dispose of the state-specific claims, as each state has its own unique standard from the FLSA, requiring unique proof and analysis.

Nor do Plaintiffs' citations support the notion they are excused from addressing state-law variances. (ECF No. 189, pp. 11-12.) *Jabbari v. Farmer* pertained to the settlement of a nationwide class's claims under a single federal law; the nationwide class did not assert violations of myriad state-specific laws as Plaintiffs do here. 965 F.3d 1001 (9th Cir. 2020). *In re U.S. Foodservice Inc. Pricing Litigation* determined a nationwide contract claim could be certified <u>after</u> determining

state laws did not differ in a material manner; here, Plaintiffs have not—and cannot—show homogeneity among the state laws at issue. 729 F.3d 108, 127 (2d Cir. 2013) ("[C]ontract law is not at its core diverse [or] nonuniform.") Similarly, *In re Asacol Antitrust Litigation* concerned "state antitrust laws that parallel the federal Sherman Act"; here, Plaintiffs have failed to establish the various state laws mirror the FLSA (and they do not). 907 F.3d 42, 49 (1st Cir. 2018). Because Plaintiffs' 16 state-law claims spanning nine states implicate vastly differing analysis and facts, Magistrate Judge Gallagher correctly recommended that certification should be denied.

## B. **Plaintiffs' Objections Continue to Ignore Job-Requirement Variations.**

Plaintiffs' Objections are virtually silent about the Recommendation's conclusion that the broad diversity of job types within Plaintiffs' sweeping putative class—including ski patrollers, food servers, and parking attendants—makes "the commonality and predominance issues especially difficult [for Plaintiffs] to satisfy." (ECF No. 183, pp. 9-10.) The Objections instead attack the Recommendation for making common sense observations that the sheer diversity of roles greatly impacts whether the putative class even has actionable claims. For example, putative class members based indoors would not need to purchase ski equipment for work, whereas employees who ski for work may need to purchase ski equipment. (*Id.* at p. 10.) Without offering the Court any workable plan to manage these differences, Plaintiffs claim the Court can just ignore them because "these nuances, at best, pertain to the quantum of each class member's damages[.]" (ECF No. 189, p. 13.) But whether an employee is obligated to incur expenses to purchase ski equipment goes to liability itself, not just damages. The fact remains that Plaintiffs have not provided any evidence that all 101,780 putative class members working in at least 60 facilities across dozens of resorts and hundreds of job titles were subject to a single common unlawful

10

policy. This failure again highlights that individualized inquiries will dwarf any common issues shared across a highly-diverse putative class.

### III. The Court Should Overrule Plaintiffs' Objections to the Recommendation to Deny FLSA Conditional Certification.

Plaintiffs' Objection to the Recommendation denying the request to send notice to the vast majority of putative collective members is based entirely on the assertion that Magistrate Judge Gallagher "ignore[d]" certain allegations in the Complaint and the declaration of Ryan Nethery. (ECF No. 189, pp. 16-17.) However, the record shows that Magistrate Judge Gallagher did not ignore anything and that the allegedly "ignore[d]" material is insufficient to support FLSA conditional certification.

In deciding whether to conditionally certify a collective, courts must "examine[] the record, discarding allegations that are 'mere labels and conclusions' and 'formulaic recitation of the elements of a cause of action,' [and] instead look[] for 'sufficient factual matter [that,] accepted as true, . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (ECF No. 183, p. 17 (quoting *Bledsoe v. Carreno*, 53 F.4th 589, 2022 WL 16942631 (10th Cir. Nov. 15, 2022)).) Put differently, courts must pinpoint actual factual allegations and then analyze those allegations to determine if plaintiffs made the "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan ***that violated the law***.'" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)) (emphasis added).

The problem with Plaintiffs' position is that the conduct alleged in the Complaint and Plaintiffs' declarations is insufficient to support claims of FLSA violations. For example,

11

Magistrate Judge Gallagher held that "the mere fact that employees typically commute from remote parking areas to the worksite does not necessarily render that time compensable" under the FLSA. (ECF No. 183, p. 11 (citing *Del Rosario v. Labor Ready Southeast, Inc.*, 124 F. Supp. 3d 1300, 1309-10 (S.D. Fla. 2015)).) Rather, to be compensable, employees would need to be "engaged in work benefitting Vail while riding employee shuttles" to "potentially convert[] that non-compensable time into compensable time[.]" (ECF No. 183, p. 18.) Magistrate Judge Gallagher also concluded time spent donning and doffing "cold-weather gear" due to "the ordinary hazards of cold-weather exposure that any wintertime outdoor worker (or winter sports participant) faces" is not compensable under the FLSA.  (*Id*. at 21 (citing *Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 594 (2d Cir. 2007); *Reich v. IBP, Inc.*, 38 F.3d 1123, 1126 (10th Cir. 1994)).) As for expense reimbursement, Magistrate Judge Gallagher concluded Plaintiffs had failed to allege that Vail "require[d]" class members to purchase and use equipment, as they were required to in order to state a claim. (ECF No. 183, p. 11.) And as for training time, Magistrate Judge Gallagher concluded the Complaint and affidavits do not "give any hint of actual facts that would support" the non-instructor Plaintiffs' "claims for unpaid training time."  (*Id*. at p. 18.)

Plaintiffs do not argue that Magistrate Judge Gallagher's findings in this regard are incorrect; they simply assert they have FLSA claims for commuting, donning-and-doffing, expense reimbursement, and that discovery might show they have claims for training time. (ECF No. 189, pp. 13, 15-16.) But "[u]ndeveloped, conclusory objections do not constitute proper objections to an R&R," *Huizar v. Comm'r of Soc. Sec.*, Civil Action No. 21-10859, __ F. Supp. 3d __, 2022 WL 2531754, at *3 (E.D. Mich. July 7, 2022).

12

With the legal framework established, Magistrate Judge Gallagher correctly concluded the allegations and statements in the Complaint and Nethery declaration are insufficient to allege any FLSA violation as to the vast majority of putative collective members. None of Complaint Paragraphs 10, 30, 40, 219, 246, or 251—the only Paragraphs Plaintiffs point to as allegedly "ignored" (ECF No. 189, p. 17)—support claims of FLSA violations. They contain no allegation that putative collective members performed "work benefitting Vail while riding employee shuttles" (ECF No. 183, p. 18), and therefore do not allege an FLSA violation for commute time. They contain no allegations about the types of clothing and equipment putative class members needed to don and doff, much less allegations that would support a finding that time spent donning and doffing such clothing and equipment was compensable under the FLSA. They also contain no allegations about purported unreimbursed business expenses or training time. Accordingly, the Recommendation's finding "the Complaint contains no allegations whatsoever by or about [non-snow instructor] employees … explaining how Vail's policies have injured these employees under the FLSA" is accurate. (ECF No. 189, pp. 16-17 (quoting ECF No. 183 at 18).)

The Nethery declaration suffers from the same deficiencies. Just like the Molina declaration discussed in detail by Magistrate Judge Gallagher, the Nethery declaration provides nothing but "insufficiently conclusory" statements about "being 'under the control' of Vail while riding shuttles." (ECF No. 183, p. 18; ECF No. 149-17, ¶ 4.) Likewise, the Nethery declaration contains no information about what the declarant had to don-and-doff other than his "boots and uniform." (ECF No. 183, p. 19; ECF No. 149-17, ¶ 2.) Nor does it contain "any hint of actual facts that would support his FLSA claims for … reimbursement for work-related equipment." (ECF No. 183, p. 18.) Finally, the Nethery declaration contains no facts about any unpaid training time. (ECF

No. 149-17.) Given the legal framework discussed by Magistrate Judge Gallagher—to which Plaintiffs have not objected—there is no question Nethery's statements, like the nearly identical statements of Molina, do not support a finding of FLSA violations. Magistrate Judge Gallagher's finding that "the Plaintiffs have not tendered any affidavits by any of these [non-snow instructor] employees explaining how Vail Resorts' policies have injured these employees under the FLSA" is, therefore, accurate. (ECF No. 189, pp. 16-17 (quoting ECF No. 183, p. 18).)

At the end of the day, "[t]he court's discretionary power to facilitate the sending of notice to potential class members is premised on its use as a tool for efficient case management, and it does not promote efficient case management to facilitate notice to potential class members where the representative plaintiffs have failed to state plausible FLSA violations." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 556 (S.D.N.Y. 2013) (citing *Hoffmann–La Roche*, 493 U.S. 165, 169 (1989); *Myers*, 624 F.3d at 555 n.10). Magistrate Judge Gallagher correctly concluded that Plaintiffs did not plausibly allege FLSA violations as to the vast majority of the putative collective, and therefore the Court should overrule Plaintiffs' Objection.

## IV.  Conclusion

Therefore, Vail respectfully requests this Court (1) overrule Plaintiffs' Objection, (2) adopt the Recommendation as to the Motion for Class Certification as an order of the Court, and (3) as outlined in Vail's Partial Objection to the Magistrate Judge's Recommendation on Plaintiffs' Motion to Disseminate Notice (ECF No. 187), adopt the Recommendation as to the Motion to Disseminate Notice as modified to deny such motion in full.

Respectfully submitted this 20th day of December, 2022.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Michael H. Bell*
Michael H. Bell
Steven R. Reid
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:   303.831.9246
mike.bell@ogletree.com
steve.reid@ogletree.com

*Attorneys for Defendant Vail Resorts, Inc.*

## CERTIFICATE OF COMPLIANCE WITH PRACTICE STANDARDS

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Michael H. Bell*
Michael H. Bell

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2022, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION ON MOTION TO CERTIFY CLASS** with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to counsel for Plaintiffs, as follows:

| | |
|---|---|
| Edward P. Dietrich | Benjamin Galdston |
| Edward Dietrich, APC | Omnum Law APC |
| 9595 Wilshire Boulevard, Suite 900 | 4350 Executive Drive, Suite 350 |
| Beverly Hills, CA 90212 | San Diego, CA 92121 |
| edward@dstlegal.com | bgaldston@omnumlaw.com |

*Attorneys for Plaintiffs*

*s/ Alison L. Shaw*
Alison L. Shaw, Paralegal