IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03569-DDD-NRN

RANDY DEAN QUINT, JOHN LINN, and
MARK MOLINA, Individually and On Behalf
Of All Others Similarly Situated,

Plaintiffs,

v.

VAIL RESORTS, INC., a Delaware corporation,

Defendant.

---

# ORDER ON
# DEFENDANTS' MOTION TO STAY PROCEEDINGS UNTIL CLASS SETTLEMENT IN PARALLEL ACTION IS FINAL (Dkt. # 191)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

      This case is before the Court pursuant to an Order (Dkt. #192) referring the subject motion (Dkt. #191) issued by Judge Daniel D. Domenico. Now before the Court is Defendant Vail Resorts, Inc.'s ("Vail") Motion to Stay Proceedings Until Class Settlement in Parallel Action is Final (Dkt. #191). The Court has carefully considered the motion, Plaintiffs' response (Dkt. #205), and Vail's reply (Dkt. #206), and has heard argument from the parties (*see* Dkt. #210). The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following order.

BACKGROUND

In this wage and hour case, Plaintiffs, who worked for Vail as Snow Sports Instructors ("Instructors") or Ticket Scanners, allege that Vail did not pay them for all hours they worked, including overtime premiums. They assert 22 separate claims pursuant to the Fair Labor Standards Act ("FLSA") and various state wage and hour laws.

On November 21, 2022, (then-Magistrate, now-District) Judge Gordon P. Gallagher issued a Recommendation on Motion to Certify Class and Order on Motions to Compel and to Strike (Dkt. #183), in which he, among other things, recommended that Plaintiffs' state law claims be bifurcated from the FLSA claims and stayed pending a resolution of the FLSA claims, and that a *Hoffmann-LaRoche* notice be sent only to Instructor employees. That Recommendation has not yet been ruled on.

Judge Gallagher briefly addressed Vail's argument that the *Hoffmann-LaRoche* notice should be further narrowed due to the resolution of a FLSA lawsuit brought against Vail in California state court, *Hamilton v. The Vail Corporation, et al*., No. SC20210148 (Cal. Sup. Ct.) ("*Hamilton*"). In *Hamilton*, the court, over these Plaintiffs' objections, approved a nationwide settlement for all claims of alleged unpaid wages and any other violations of state or federal law. See *Quint v. Vail Resorts, Inc*., No. 22-1226, 2023 WL 3746892 (10th Cir. June 1, 2023) (describing the parallel proceedings and dismissing as moot Plaintiffs' interlocutory appeal of Judge Domenico's denial of their emergency motion seeking to enjoin Vail for consummating settlement in *Hamilton* because the settlement had already been approved, also found at Dkt. #212). These

2

Plaintiffs' motion to vacate the final judgment in *Hamilton* was denied (*see* Dkt. #191-2), and Plaintiffs' appeal of that order remains pending in the California Court of Appeals.

Judge Gallagher rejected Vail's argument that the settlement in *Hamilton* bars FLSA claims here from any members of the *Hamilton* settlement class, meaning a *Hoffmann-LaRoche* notice should be sent only to the 1,603 individuals that expressly opted out of the *Hamilton* settlement. Judge Gallagher explained:

> By its terms, the settlement of the *Hamilton* case is not effective until all appeals to the order approving that settlement are resolved, and the Plaintiffs assert that they have filed an appeal of that order. It may very well be that the *Hamilton* settlement is ultimately affirmed and any plaintiffs who opt into this case in the interim without having timely opted out of the *Hamilton* settlement may have their claims in this case dismissed on res judicata grounds, but that is a matter for another day. The Court also rejects Vail's argument that issuing a *Hoffmann-LaRoche* notice in this case may be confusing to employees who are also receiving notice in the *Hamilton* case. Although the Court can appreciate the possibility of confusion arising from laypeople receiving multiple legal notices on closely-related cases, that potential confusion is an unavoidable consequence of independent lawsuits running in parallel. As between employees receiving a confusing notice in this case (an outcome this Court will endeavor to avoid) or receiving no notice whatsoever of a case they are otherwise eligible to participate in, justice favors the former even with its attendant flaws.

(Dkt. #183 at 22–23.)

Vail now asks the Court to stay these proceedings until all appeals have been resolved and the *Hamilton* settlement is finalized.

## LEGAL STANDARD

In an October 9, 2021 Order Granting Defendant's Motion to Stay Proceedings for Ninety Days (Dkt. #81), Judge Gallagher set forth the proper standard to apply when considering a request to stay:

> Courts in this District generally disfavor the stay of all discovery. *See Rocha v. CCCF Admin.*, No. 09-cv-01432-CMA-MEH, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010) (emphasis added). Nevertheless, the decision to grant or deny a motion to stay discovery is vested in the district court's discretion.

3

> *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power for a court to stay a proceeding "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether a stay is appropriate, the court should consider the: (1) "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay"; (2) "burden on the defendants"; (3) "convenience to the court"; (4) "interests of persons not parties to the civil litigation"; and (5) "public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers of Am.*, 322 F.3d at 1227.
>
> Nevertheless, a stay of discovery may be appropriate when a "pending nationwide settlement could impact the claims." *Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688, 692 (N.D.W. Va. 2010). A court, in its sound discretion, "may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976); *see also Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 WL 819385, at *2 (W.D. Okla. Mar. 3, 2014) (granting a stay because if the settlement in the United States District Court for the Southern District of Florida "is approved, it will likely preclude all claims of the class Plaintiff seeks to represent in this case, and will resolve Plaintiff's claims unless she opts out of the certified class."); *Branca v. Iovate Health Scis. USA, Inc.*, No. 12CV01686-LAB WMC, 2013 WL 1344306, at *2 (S.D. Cal. Apr. 2, 2013) (granting a ninety-day stay pending approval of a settlement in a substantively identical class action in state court); *Chartener v. Provident Mut. Life Ins. Co.*, No. CIV.A. 02-8045, 2003 WL 22518526, at *4 (E.D. Pa. Oct. 22, 2003) (granting a six-month stay pending approval of a state court settlement). And a stay of discovery may be appropriate even when there are other non-overlapping issues, as a stay on only the class claims would render the stay of discovery meaningless and not conserve resources should the settlement be finalized. *In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *3-5 (N.D. Cal. July 23, 2013).

(*Id.* at 2–4.)[1]

---

[1] Judge Domenico overruled Plaintiff's objections to Judge Gallagher's order (*see* Dkt. #111), and the stay was extended another 60 days in January 2022 (Dkt. #106).

## ANALYSIS

As stated above, Vail seeks to stay any further proceedings in this case until Plaintiffs' appeal of the *Hamilton* settlement has been resolved. Vail claims that the resolution of *Hamilton* will clarify and narrow the claims of this putative class/collective action. They further argue that the *String Cheese* factors favor a stay.

Plaintiffs oppose any further stay of the proceedings on several grounds. As an initial matter, Plaintiffs argue that *String Cheese* is inapposite and the Court should apply the legal standard set forth in *Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477 (10th Cir. 1983). The Court need not address this argument as Judge Domenico has already expressly rejected it (*see* Dkt. #111 at 3–4).

Substantively, Plaintiffs claim that staying this case pending the resolution of *Hamilton* would violate the doctrine set forth in *Colorado River Water District v. United States*, 424 U.S. 800, 818 (1976), where the Supreme Court recognized that a federal court faced with parallel state proceedings may in "exceptional" circumstances abstain "for reasons of wise judicial administration." The Supreme Court has made clear that courts engaging in a *Colorado River* analysis should not set out to "find some substantial reason for the exercise of federal jurisdiction" but should instead "ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983) (emphasis in original).

Here, the Court agrees with Vail that its request for a stay does not implicate the *Colorado River* doctrine. First, *Colorado River* applies only where the state and federal

5

proceedings are parallel, and "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir.1991)). Here, Plaintiffs are not parties to *Hamilton*. It is also undisputed that, regardless of the outcome of Plaintiffs' California state court appeal, this case will proceed, at the very least, as to those 1,600 individuals who opted out of *Hamilton* and those employed after December 2021. This is important as "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone,* 460 U.S. at 28 (citations omitted). In other words, the Court would not be surrendering its jurisdiction over this case if it grants Vail's motion.

Since the *Colorado River* doctrine does not apply, the Court turns to the appropriate *String Cheese* factors. First, the Court recognizes that Plaintiffs have an interest in proceeding expeditiously with their case, and acknowledge that this case has already been stayed for five months. However, this is militated by the fact that Vail's present request for a stay was triggered by Plaintiffs' decision to file their appeal in *Hamilton*. Absent that appeal, the *Hamilton* settlement would be finalized and there would be no grounds to stay this case. Moreover, as Judge Gallagher stated, Plaintiffs have failed to demonstrate that they would be prejudiced by the settlement in *Hamilton* and, to the extent that they can make such a showing, the California state court is the proper venue to do so.

More significantly, the Court finds that Plaintiffs' interests are outweighed by the undue burden Vail will experience with having to produce discovery regarding

6

employees who have already released their claims against it. And even a cursory review of the docket indicates that, should this case proceed, innumerable discovery disputes and motion practice is certain to follow.

Further, while the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending a final resolution of *Hamilton*. As stated above, courts routinely exercise the discretion to grant stays when a pending nationwide settlement could impact the claims in the case before them. *See, e.g., Ali*, 2014 WL 819385, at *3 (collecting cases and staying case pending final approval of settlement in another federal court); *In re RC2 Corp. Toy Lead Paint Prod. Liab. Litig.,* No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008), *as amended* (Feb. 28, 2008) (staying federal MDL litigation pending approval of state court settlement because if the "settlement is not approved by the state court, then Plaintiffs can proceed with this action[, but i]f the settlement is approved, then some or all of the claims of Plaintiffs who do not opt out will be barred by res judicata). This factor weighs in favor of entering the stay.

The interests of non-parties, specifically non-party employees of Vail, will be furthered by a stay. In this instance, the Court respectfully disagrees with Judge Gallagher and believes that distributing *Hoffman-LaRoche* notices in this case to thousands of Vail's Instructors nationwide who have already released claims and expect to receive settlement funds will likely sow confusion. Upon resolution of *Hamilton*, the Court and those who either opted out or did not receive adequate notice of *Hamilton* can proceed expeditiously here.

Finally, the Court finds that the public interest does not greatly favor one side or the other.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Stay Proceedings Until Class Settlement in Parallel Action is Final (Dkt. #191) is GRANTED. Discovery is STAYED the final resolution of all appeals in the *Hamilton* case. Within five (5) days of such final resolution, the parties shall file a Status Report with the Court.

BY THE COURT

Date:  June 16, 2023
       Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge

8