**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-03569-DDD-NRN

RANDY DEAN QUINT; and
JOHN LINN; and
MARK MOLINA, individually and on behalf of others similarly situated,

  Plaintiffs,

v.

VAIL RESORTS, INC.,

  Defendant.

---

**ORDER DENYING CLASS CERTIFICATION AND DENYING
MOTION TO DISSEMINATE**

---

The plaintiffs in this case are employees at Vail Resorts, Inc. ("Vail") who allege that Vail has violated federal and state employment laws. They moved to certify a class of "[a]ll current and former Vail Resorts . . . hourly employees who worked in the United States" and who were affected by alleged state law violations, Doc. 149 at 5, and to disseminate notice to similarly situated employees to form an FLSA collective. Doc. 150. Magistrate Judge Gordon Gallagher recommended bifurcating the state law and FLSA claims and staying the state law claims pending resolution of the FLSA claims. Doc. 183. He recommended granting the motion to disseminate in part, by allowing dissemination to a subgroup of employees, and issued an alternative recommendation to deny the motion for class certification. *Id.* Both parties objected to this recommendation. Docs. 187 and 189. I sustain the objections in part and deny them in part. The motion for class certification is denied because a

- 1 -

class action involving claims under the laws of nine separate states would present excessive difficulties and should not be concentrated in this forum. The motion to disseminate notice is granted in part and denied in part as described below.

## LEGAL STANDARD

District courts review magistrate judge orders on dispositive motions de novo when the parties have properly filed an objection. Fed. R. Civ. P. 72(b)(3). When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the court may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

A motion for class certification is considered dispositive, and therefore subject to de novo review. *Ocelot Oil*, 847 F.2d at 1462 (holding that the motions listed in 28 U.S.C. § 636(b)(1)(A) are considered dispositive for the purposes of Rule 72); *see also* 28 U.S.C. § 636(b)(1)(A) ("[A] judge

- 2 -

may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or to permit maintenance of a class action."). On the other hand, district courts treat motions to disseminate notice—also called motions for conditional FLSA certification—as non-dispositive for the purposes of Rule 72. *See, e.g. Onate v. AHRC Health Care, Inc.*, 2023 WL 1861225, at \*4 (S.D.N.Y. February 9, 2023); *Ke v. JR Sushi 2 Inc.*, 2021 WL 465359, at \*1 (S.D.N.Y. February 9, 2021); and *Alcantara-Flores v. Vlad Restoration, Ltd.*, 2017 WL 1655187, at \*3 n.3 (E.D.N.Y. May 2, 2017).

## DISCUSSION

### I.   Motion to certify class

#### A.   Legal standard

Fed R. Civ. P. 23(a) establishes four prerequisites for maintaining a class action:

> (1) The class is so numerous that joinder of all members is impracticable;
> (2) There are questions of law or fact common to the class;
> (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

A class action may maintained if the parties meet the above four prerequisites and if having considered "the desirability or undesirability of concentrating the litigation of the claims in the particular forum" and "the likely difficulties in managing a class action," I find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3)(C) and (D).

### B.  Application

The plaintiffs' motion to certify a class is denied because differences in state law create insurmountable difficulties in managing the class action and make it undesirable to concentrate litigation in this forum. The complaint lodges twenty-two causes of action. Doc. 1. The first four counts allege complaints under the federal Fair Labor Standards Act and the last two state generalized breach of contract and unjust enrichment claims, without specifying which jurisdiction applies. *Id.* The middle eighteen counts, however, allege state-specific complaints under the laws of Colorado, California, Minnesota, Wisconsin, Washington, New York, Vermont, Michigan, and Utah. *Id.* Each of those counts affects a separate group of potential plaintiffs whose relationship with Vail is governed by the law of that state. A trial implicating claims under nine state laws and federal law could require nine sets of overlapping, and possibly contradictory, evidence, subjecting the jury to confusion and the defendants to potential prejudice.

"[I]n cases implicating a multiplicity of state laws, the party seeking certification must provide an extensive analysis of state law variations to reveal whether these pose insuperable obstacles." *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, 2020 WL 8186476, at *3 (D. Colo. 2020) (citing *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 724 (5th Cir. 2007)) (cleaned up). "[I]t falls to the plaintiff to demonstrate the homogeneity of different states' laws, or at least to show that any variation they contain is manageable." *Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1180 (11th Cir. 2010).

The plaintiffs have not met this burden here. They have not shown that disparate state laws pose no obstacle, and indeed they argue that

this is immaterial. Instead, the plaintiffs argue that the federal claim is the "'glue' that holds the class together and analysis of the pendant state claims is unnecessary." *Doc.* 171 at 5 (citing *Jabbari v. Farmer*, 965 F.3d 1001, 1007 (9th Cir. 2020)). Unlike in *Jabbari*, where the "Plaintiffs asserted a federal claim common to all class members," 965 F.3d at 1008, the proposed class here does not assert a single claim common to all class members. The only proposed federal claim, under the Fair Labor Standards Act, proceeds under a distinct posture, a collective action, and is not asserted by the proposed Rule 23 class. So there is no federal claim that works as a "glue" to unite this class.

Even if it were, it would not solve the problem posed by the proposed class action. The plaintiffs argue that the proposed class meets Rule 23(b)(3)'s predominance factor since it concerns a "common practice or policy" affecting all proposed members of the class. *Senne v. Kansas City Royals Baseball*, 934 F.3d 918, 938 (9th Cir. 2019). An analysis of relevant state law is necessary not only to show predominance, but also to show superiority to alternative venues. Rule 23(b)(3) provides that I must find that "the questions of law or fact common to class members predominate over any questions affecting individual members, *and* that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). Even if the plaintiffs could show common factual questions, they have not shown that combining claims under nine different state laws is superior to separating them into different forums. Nor have they explained how, at trial, I can avoid confusing the jury with a parade of different jury instructions and witnesses whose testimony is relevant to some claims but forbidden from consideration in others.

## II.  Motion to disseminate notice

### A.  Legal standard

The Fair Labor Standards Act provides a private cause of action against employers who violate its provisions and enables an employee to sue "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). It further specifies that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* The Supreme Court has held that district courts have the discretion, but not the obligation, to facilitate notice between the named plaintiffs in an FLSA action and other potential parties to the suit. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).[1] In doing so, they must be "scrupulous to respect judicial neutrality" and "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

The "'near universal practice' of the district courts[] comes from the 1987 New Jersey district court opinion in *Lusardi v. Xerox Corporation*," which "laid out a two-step process to determine, 'on an *ad hoc* case-by-case basis,' whether prospective opt-in plaintiffs in a proposed collective

---

[1] *Hoffman-La Roche*, alongside other cases cited in this order, resolved a suit brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* That case is still relevant, since

> Section 7(b) of the ADEA incorporates enforcement provisions of the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. § 201 *et seq.* (1982 ed. and Supp. V), and provides that the ADEA shall be enforced using certain of the powers, remedies, and procedures of the FLSA.

*Hoffman-La Roche*, 493 U.S. at 167. Cases interpreting the FLSA enforcement provisions also appear in the ADEA context, since the latter statute expressly incorporates the same enforcement mechanisms.

are 'similarly situated' enough to satisfy the FLSA." *Swarles v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 436 (5th Cir. 2021) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987; and *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). Step one involves "'an initial 'notice stage' determination that proposed members of a collective are similar enough to receive notice of a pending action." *Id.* District courts at this stage "base their decisions on the pleadings and affidavits of the parties" and "may require little more than substantial allegations that the putative collective members were together the victims of a single decision, policy, or plan." *Id.* (internal quotation marks omitted). Step two occurs at the conclusion of discovery, when the court decides, based on evidence produced in discovery, whether the plaintiffs are "similarly situated" based on ""(1) [the] disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to [the] defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Id.* Judge Gallagher adopted this approach in his recommendation and evaluated allegations of FLSA violations under the "plausibility" standards derived from Fed. R. Civ. P. 12(b)(6). Doc. 183 at 15-16.

*Lusardi* is not binding on this court and lately has fallen out of favor in the courts of appeals, three of which have prohibited its application in the past five years. The Fifth Circuit required district courts to "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'" *Swales*, 985 F.3d at 441. They then must "authorize preliminary discovery accordingly" to determine whether proposed plaintiffs are similarly situated for the purposes of an FLSA suit. *Id.* The Sixth Circuit requires plaintiffs who wish to facilitate notice of an FLSA suit to other employees to "show a 'strong likelihood' that those employees are

similarly situated to the plaintiffs themselves." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). The Ninth Circuit raised a separate issue with *Lusardi*, noting that a district court's emphasis on similarity during its conditional certification could result in decertification of proposed collectives where differences between the employees present procedural challenges for the court. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1116-1117 (9th Cir. 2018).

So far, the Tenth Circuit has not joined that trend and to the extend it has weighed in, expressly authorizes the *Lusardi* approach without requiring it. *Thiessen*, 267 F.3d at 1105. In endorsing that approach, however, it required plaintiffs to show "substantial allegations" that the plaintiffs were similarly situated—a higher standard than the 12(b)(6) plausibility standard that Judge Gallagher applied. The "strong likelihood" requirement in *Clark* is more exacting than the "substantial allegations" requirement in *Thiessen*, but both require more than 12(b)(6) deference. Alleging facts sufficient to conclude that other plaintiffs are similarly situated is insufficient for conditional FLSA certification absent supporting evidence substantiating the claim.

At the conditional certification stage, the plaintiffs do not bear the burden of showing that they are likely to prevail in the case—only that other plaintiffs are likely to be similarly situated. Judge Gallagher recommended authorizing the issuance of notices only to all snow sports instructors employed by Vail Resorts during the time of the alleged violations, Doc. 183 at 17, but denying the issuance of notices to Vail's other employees. *Id.* at 21-22. He rejected an argument that notices should be restricted to employees who opted out of ongoing litigation in California. *Id.* at 22. Finally, Judge Gallagher recommended sending notices to the last known postal mail address and to the last known email address of

eligible instructors. *Id.* at 23. For the reasons specified below, Judge Gallagher's decision is consistent with the Supreme Court and Tenth Circuit's standards on FLSA conditional certification.

### B. Vail's objections

#### 1. Scope of notices

Vail argues that Judge Gallagher recommended conditional certification to too broad a group of Vail employees. According to Vail, the plaintiffs are not similarly situated to the other snow sports instructors with respect to the training time allegations, donning and doffing allegations, and travel time allegations. Doc. 187 at 8-12. The plaintiffs have shown that they are similarly situated to snow sports instructors across other Vail properties to proceed beyond this step. Vail points to testimony by instructors who state that they are compensated for training time, Doc. 187 at 8, but the plaintiffs offer affidavits alleging the opposite. *See, e.g.* Doc. 149-8; Doc. 149-9. For the purposes of FLSA conditional certification, however, this factual disagreement about the merits does not mean that the plaintiffs have not made substantial allegations that they are not similarly situated to those they seek to provide notice. The plaintiffs have adequately alleged that Vail violates FLSA requirements that are relevant to snow sports instructors, and I find that snow sports instructors at other resorts are similarly situated with respect to these claims, since an employer is likely to implement the same policies for similar personnel. If that turns out not to be the case, Vail will have the opportunity to show that any employees who opt in ought to be excluded before the case proceeds.

#### 2. Notice to California plaintiffs

Vail argues that parties to an ongoing California case should not receive notice of the FLSA claims. According to Vail, a proposed settlement in this case "will effectively extinguish the FLSA claims as to all but 1,603 Vail employees who opted out, including Instructors." Doc. 187 at 13. Vail argues that sending notices to employees whose claims have already been extinguished "would be futile, confusing, and needlessly complicate the orderly process" of that settlement. *Id.* This objection is overruled. Until the California settlement is finalized, no parties' claims have been extinguished. Vail is correct to note that it is "not uncommon to stay or refrain from activity in one parallel lawsuit pending the resolution of proceedings in a separate lawsuit that has progressed further," but that does not make a contrary decision clearly erroneous or contrary to law. *Id.*

## C.  Plaintiffs' objections

The plaintiffs object to Judge Gallagher's recommendation to limit conditional certification to snow sports instructors. Doc. 189. They point to an affidavit by an employee who works as a lift operator, lift ticket scanner, and summer activities guide stating similar allegations regarding compensation for travel time, donning and doffing, and work expenses. *Id.* at 17. Judge Gallagher concluded that the ticket scanners have not made a *prima facie* case of FLSA violations since they have not alleged that they perform work benefiting Vail while traveling, their attire is ordinary for the climate conditions, and they have not alleged mandatory work-related expenses. Doc. 183 at 18-21. These conclusions are neither clearly erroneous nor contrary to law.

CONCLUSION

It is ORDERED that:

Magistrate Judge Gallagher's REPORT AND RECOMMENDATION (Doc. 183) is ADOPTED IN PART and OVERRULED IN PART;

The DEFENDANT'S PARTIAL OBJECTIONS TO REPORT AND RECOMMENDATION (Doc. 187) are OVERRULED;

The PLAINTIFFS' OBJECTIONS OT THE MAGISTRATRE JUDGE'S RECOMMENDATION ON MOTION TO CERTIFY CLASS (Doc. 189) is SUSTAINED in part and OVERRULED in part;

The MOTION FOR CLASS CERTIFICATION (Doc. 149) is DENIED; and

The MOTION TO DISSEMINATE NOTICE TO COLLECTIVE MEMBERS AND TOLL STATUTE OF LIMITATIONS (Doc. 150) is GRANTED IN PART and DENIED IN PART.

DATED: July 11, 2023          BY THE COURT:

Daniel D. Domenico
United States District Judge