IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03569-DDD-NRN

RANDY DEAN QUINT, JOHN LINN, and
MARK MOLINA, Individually and On Behalf
Of All Others Similarly Situated,

Plaintiffs,

v.

VAIL RESORTS, INC., a Delaware corporation,

Defendant.

## ORDER ON HOW THE CASE IS TO PROCEED

**N. REID NEUREITER**
**United States Magistrate Judge**

      This matter came before the Court for a Scheduling/Status Conference. The case has a long history, and for the last year or so, the case has been stayed pending, among other things, progress in a parallel state court class in California. *See* ECF No. 215 (staying case as of June 16, 2023). The case is no longer stayed, so I asked the Parties to confer on how they believe the matter should proceed considering its current status.

      The status, as the Court understands it, is that Plaintiffs' Rule 23 motion for certification of a nationwide class of Vail employees bringing state law wage and hour claims was denied. ECF No. 183 (Report and Recommendation); ECF No. 217 (Order Denying Class Certification and Denying Motion to Disseminate). Plaintiffs' motion for conditional certification of a FLSA collective of a number of different types of employees

also was denied. But the Court did grant conditional certification and approve the dissemination of a notice with respect to a nationwide FLSA nationwide collective of snowsport instructors. *See* Nos. 183 & 217. As of today, there are only three named plaintiffs and no opt-ins, in part because the opt-in notice has not yet been sent out and because those persons who did seek to opt-in, even before receiving a formal court-approved notice, have had their opt-in forms stricken. *See* ECF No. 141 (Order Overruling Objection to Magistrate Judge's Order on Motion for Preliminary Certification of Collective Action and Motion to Disseminate Notice to Collective Members and Toll the Statute of Limitations).

I asked the Parties to put together a new schedule in light of these developments. It appears that Plaintiffs are not enthusiastic about how the case is currently postured.

Plaintiffs have expressed an intention to file various motions, including:

a. To allow (un-strike) the opt-in notices that have previously been filed, in part so Plaintiffs' counsel can get the employment information from Vail about those putative plaintiffs, and because there was no legal basis for striking them.

b. To seek leave to file or renew a motion for Rule 23 class certification covering all states, and to expand the FLSA collective beyond just snowsport instructors to all employees who wore uniforms and had to get on the ski mountain, like some restaurant workers, lift operators, etc. Their basis for this is, in part, that in denying the motion to dismiss early in the case, the Court ordered Plaintiffs to file a motion for preliminary class certification within thirty days, without allowing Plaintiffs to develop the necessary factual support for either the FLSA collective certification or the Rule 23 class

2

certification. *See* ECF No. 144 (Order Denying Without Prejudice Vail Resort's Partial Motion to Dismiss).

    c.    To delay disseminating any FLSA notice to snowsport instructors until the renewed motions for certification are decided. Plaintiffs reason that sending out a notice just to snowsport instructors now and other types of employees later would be inefficient and confusing.

    d.    To ask that the Court toll the running of the statute of limitations pending consideration of the renewed certification motions. Plaintiffs note that the timeframe when these people worked was 2017–2021 and, absent tolling, the statute is running for potential opt-in plaintiffs, which explains why some people filed their opt-ins without any notice having been sent out.

Vail, for its part, says that many, if not all, of these issues have been previously decided and argues that the case should proceed as it is currently postured—as a nationwide FLSA collective of snowsport instructors only. Vail urges the Court to set deadlines for the formulation and approval of proper notice, order the dissemination of the notice to addresses (physical and electronic) provided by Vail, schedule a closing of the opt-in period and other discovery deadlines and limitations, and complete the discovery necessary to ready the case for trial.

The Court agrees with Vail. This judicial officer is generally not in the business of overruling the decisions previously issued in the case. As it currently stands, this is a nationwide FLSA collective action on behalf of snowsport instructors. The Court will have a Scheduling Conference on June 24, 2025. The Parties should be prepared to proffer a Scheduling Order that includes at least the following:

3

- a schedule for submission, approval and dissemination of a *Hoffman-LaRoche* notice;

- a deadline for provision of the last known addresses of the members of the snowsport instructor collective;

- an opt-in deadline;

- deadlines for completion of merits discovery with respect to this collective, including all fact and expert discovery;

- limits on the amount of discovery (number of interrogatories, requests for production, requests for admission, depositions) of Vail, Vail executives, name plaintiffs, and opt-in plaintiffs;

- expert disclosure deadlines;

- deadlines for decertification or for class certification; and

- summary judgment deadlines.

To the extent that Plaintiffs object to the dissemination of the notice to just the snowsport instructors or seek to have other prior decisions in the case revisited, Plaintiffs will need to file the motions they deem appropriate, and they will be dealt with in the normal course of the Court's business. But for now, the case will proceed as conditionally certified national FLSA collective action of former or current Vail Resorts snowsport instructors.

BY THE COURT

Date: May 28, 2025
Denver, Colorado

_N. Reid Neureiter_
N. Reid Neureiter
United States Magistrate Judge

4